**ATLAS POWDER COMPANY, Appellee,**

v.

**IRECO CHEMICALS,
Defendant-Appellant.**

**Appeal Nos. 85–2034, 85–2207.**

United States Court of Appeals,
Federal Circuit.

Sept. 23, 1985.

Alvin D. Shulman, Marshall, O'Toole, Gerstein, Murray & Bicknell, Chicago, Ill., argued for appellant. With him on brief was Madeline Henricks Devereux, of counsel.

Garland P. Andrews, Richards, Harris, Medlock & Andrews, Dallas, Tex., argued for appellee. With him on brief was David L. Hitchcock.

Nick Badgerow, McAnany, Van Cleave & Phillips, Kansas City, Kan., of counsel.

William M. Kircher, Kokjer, Kircher, Bradley, Wharton, Bowman & Johnson, Kansas City, Kan., of counsel.

Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge, and BALDWIN, Circuit Judge.

RICH, Circuit Judge.

The February 1, 1985 Memorandum and Order of the U.S. District Court for the District of Kansas, granting the motion of Atlas Powder Co. (Atlas) for a preliminary

injunction, and the Order of April 8, 1985, enjoining Ireco Chemicals (Ireco) from further infringement of the patent-in-suit, No. 3,447,978 ('978), entitled "Ammonium Nitrate Emulsion Blasting Agent and Method of Preparing Same," issued June 3, 1969, to Harold F. Bluhm (Bluhm), are *affirmed.*

## Background

The Bluhm patent was before this court in *Atlas Powder Co. v. E.I. du Pont de Nemours & Co.,* 750 F.2d 1569, 224 USPQ 409 (Fed.Cir.1984). We affirmed the Northern District of Texas district court's judgment holding the Bluhm patent not invalid and infringed by DuPont. The Kansas district court, from which this appeal is taken, stayed its proceedings pending the *DuPont* decision, and thereafter issued its Memorandum and Order.

Ireco argues that the district court's decision granting the preliminary injunction should be reversed because Atlas failed to meet the necessary requirements for a preliminary injunction. More specifically, Ireco argues that the injunction: (1) does not maintain the status quo; (2) is causing devastating, irreparable injury to Ireco; and (3) is based on a misapplication of the alleged "presumption" of irreparable harm applied in *Smith International Inc. v. Hughes Tool Co.,* 718 F.2d 1573, 219 USPQ 686 (Fed.Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 493, 78 L.Ed.2d 687, 220 USPQ 385 (1983). Ireco further argues that Atlas has not established likelihood of success on the merits concerning validity, infringement, and enforceability of the Bluhm patent in suit.

## OPINION

### Status quo

Ireco argues:

In *Litton Industries [Systems], Inc. v. Sundstrand, Inc.* [sic, Corp.], 750 F.2d 952, 961, 224 USPQ 252, 259 (Fed.Cir. 1984), this court stated that the purpose of a preliminary injunction is to preserve "that state of affairs existing immediately before the filing of the litigation, the last uncontested status which preceded the pending controversy." [*Tanner Motor Livery, Ltd. v. Avis, Inc.,* 316 F.2d 804, 809 (9th Cir.), *cert. denied,* 375 U.S. 821 [84 S.Ct. 59, 11 L.Ed.2d 55] (1963) ]."

Here the injunction does not preserve the state of affairs existing in early 1984, [Complaint filed January 1984] before the filing of the litigation, but returns the state of affairs to that existing in 1979, [when Ireco commenced manufacturing water-in-oil emulsion explosives] over *four years prior* to the filing of the litigation. The status quo is not preserved; it is completely changed, and that is error. [Bracketed material ours.]

Ireco would have us maintain the status quo by allowing it to continue the alleged infringements at the rate they occurred when the suit was filed, even though the assessment of likelihood of success had shown that such acts would probably be held unlawful. Such a proposition is its own refutation and no other is necessary. The argument, for which no relevant authority is cited, is a prime example of the misuse of short quotations taken out of context to establish law in different contexts. In *Litton Systems, Inc. v. Sundstrand, Corp.,* supra, this court applied Ninth Circuit law in a pendent jurisdiction situation involving asserted theft and misuse of trade secrets. We had already foreshadowed our intent to do this in *Atari, Inc. v. JS & A Group Inc.,* 747 F.2d 1422, 1438, 223 USPQ 1074, 1086 (Fed.Cir.1984). This case is not therefore necessarily to be followed in cases, such as the one now before us, under our exclusive patent jurisdiction. In any event, authorizing the wrongdoer to continue the wrong, only not at an increased rate, is in no realistic sense maintaining the status quo. Needless to say, no such thing was done in *Litton Systems* nor in the Ninth Circuit cases cited therein. The essence of the holding is stated by the Chief Judge in one sentence as follows:

Litton's Achilles Heel on this record is its insistence on postponing identification or description of such a broad universe of *thousands* of unidentified trade se-

crets as to require an extraordinarily sweeping injunction entitling it to veto disclosures necessary to Sundstrand's conduct of its business. [Emphasis in original.]

750 F.2d at 956, 224 USPQ at 255.

That is, the only injunction actually considered by the trial court in that case, the one that had briefly been in effect as a temporary restraining order, authorized Litton to review and permit or prohibit all Sundstrand's communications to its customers relating to its efforts to generate sales of the disputed products, a potentially crippling stranglehold that risked going far beyond merely maintaining the status quo. So the result of Litton's unwillingness or inability to define its trade secrets with more precision was no injunction at all. That is an entirely different problem from the one we have before us here.

■ In the context of this case, we hold that a preliminary injunction preserves the status quo if it prevents future trespasses but does not undertake to assess the pecuniary or other consequences of past trespasses. If Ireco has allowed itself to become excessively dependent upon infringing sales, the status quo catchword does not necessarily allow it to continue such dependence, apart from other factors. The concept is not inconsistent with stopping trespasses "cold turkey." This does not, of course, mean that the alleged injury done by the injunction to Ireco is not to be carefully considered, only that "status quo" is not a talisman to dispose of the question by itself.

*Irreparable Harm*

The district court in its conclusions of law held:

22. When a holder of a patent has clearly established validity and continuing infringement, irreparable injury will be presumed. [Smith International, Inc. v. Hughes Tool Co., 718 F.2d 1573, 1581, 219 USPQ 686 692–93 (Fed.Cir.1983).]

23. ... Plaintiff has also shown irreparable injury by continued infringement and the resultant loss of business opportunity based on the characteristics of the patented product, substantial loss of profits, inequity to present licensees, and encouragement of infringement by others. A preliminary injunction is also appropriate here because the patent will expire in less than two years.

### a. *Prior Adjudication*

■ Ireco argues that the district court improperly applied the presumption of irreparable harm as set forth in *Smith*, in which case the patent-in-suit had previously been adjudged valid in a litigation *between the same parties* and infringement had been admitted. Ireco attempts to distinguish *Smith*, arguing that this court held the patent valid in litigation involving a *different defendant*, DuPont, and that that previous adjudication is insufficient to support Atlas' burden of proof on likelihood of success. Ireco also argues that infringement has not been conceded or proven, and that the patent is unenforceable.

We agree with Ireco that it is not *bound* by the prior adjudication, as under the doctrine of res judicata. But that is not the use made of the prior adjudication. Rather, Atlas is using the prior adjudication as *evidence* supporting its burden of proving a likelihood of success on the merits. For this use, the patent need not be adjudicated in a prior litigation between the same parties. This evidence is relevant, especially where, as here, Ireco contests validity by rearguing references previously considered by the U.S. Patent and Trademark Office (PTO), the District Court for the Northern District of Texas, and by this court, all of which found the Bluhm invention patentable over those same references. *DuPont,* supra.

While this court *may* not have addressed the exact issues presented by Ireco, Ireco has persuaded neither the Kansas district court nor this court that the previous adjudication is insufficient evidence to establish a likelihood of success on the issue of validity.

### b. *Burden of Proof*

Ireco attempts to further distinguish *Smith* by arguing that the presumption of irreparable injury is not warranted "where there has been no final, binding adjudication of validity...." Ireco also argues that it is entitled to the benefit of discovery or a full trial before likelihood of success can be determined. In essence, Ireco is arguing for a rule, said to be followed by various other circuits, that Atlas must prove validity and infringement "beyond question," in order to meet its burden of proof on irreparable harm. *See* Dorr & Duft, *Patent Preliminary Injunctive Relief,* 60 JPOS 597, 632 (1978); 5 D. Chisum, *Patents* § 20.04[1][c][i] 1982.

The burden upon the movant should be no different in a patent case than for other kinds of intellectual property, where, generally, only a "clear showing" is required. *See Roper Corp. v. Litton Systems,* 757 F.2d 1266, 1271–72, 225 USPQ 345, 348–49 (Fed.Cir.1985); *and* Duft, *Patent Preliminary Injunctions And The United States Court of Appeals For The Federal Circuit,* 65 JPOS 131, 138–39 n. 27 (1983). (Cases cited therein.) Requiring a "final adjudication," "full trial," or proof "beyond question" would support the issuance of a permanent injunction and nothing would remain to establish the liability of the accused infringer. That is not the situation before us. We are dealing with a provisional remedy which provides equitable *preliminary* relief. Thus, when a patentee "clearly shows" that his patent is valid and infringed, a court may, after a balance of all of the competing equities, preliminarily enjoin another from violating the rights secured by the patent.

### c. *Sufficiency of Monetary Compensation*

Ireco argues that the holdings below of irreparable harm "are all either speculative, irrelevant, or clearly compensable in money damages." Ireco also argues that since all of Atlas's possible damages are compensable in money, there is no irreparable harm to justify a preliminary injunction.

Ireco's arguments that infringement and related damages are fully compensible in money downplay the nature of the statutory right to exclude others from making, using, or selling the patented invention throughout the United States. 35 USC 154; *Smith,* 718 F.2d at 1577–78, 219 USPQ at 698; Duft, supra, 65 JPOS at 149. While monetary relief is often the sole remedy for past infringement, it does not follow that a money award is also the sole remedy against future infringement. The patent statute further provides injunctive relief to preserve the legal interests of the parties *against future infringement* which may have market effects never fully compensable in money. If monetary relief were the sole relief afforded by the patent statute then injunctions would be unnecessary and infringers could become compulsory licensees for as long as the litigation lasts.

### *Infringement*

Ireco argues:

Likelihood of success on infringement was not established by Atlas. The question of infringement by the Ireco products was never adjudicated before, and was adjudicated here without affording Ireco the benefit of discovery or a full trial. There were numerous contested issues relevant to the infringement question....

The district court compared the Ireco products, "Iregel 1115U" and "Iregel 1116," element by element and found them to literally infringe the Bluhm patent. Ireco submitted no evidence to contest the district court's analysis of its products. The fact that Ireco failed to conduct any discovery is not relevant to our inquiry. Ireco admits in its reply brief that this was a tactical choice by counsel. As to the right to a full trial, we previously discussed, supra, that there is no such requirement prior to the issuance of a *preliminary* injunction.

Accordingly, we have not been persuaded that the district court was clearly errone-

ous in finding that Atlas proved a likelihood of success on infringement.

### Enforceability

■ In *DuPont,* this court found that ammonium nitrate (AN) was an essential element of the Egly reference. Ireco alleges that this court found Bluhm valid over Egly in the belief that Egly excluded air, and that the Bluhm invention required, and the patent claimed, air in its emulsion.

Ireco argues that Atlas was aware that AN contains air in its chemical structure and that this information was material to this court's decision on validity. Ireco further argues that the Bluhm patent should be declared unenforceable because Atlas failed to disclose to this court, in *DuPont,* that Egly's AN contained air. Ireco's theory for unenforceability is that Atlas breached a duty of disclosure to this court, citing *Kansas Jack, Inc. v. Kuhn,* 719 F.2d 1144, 219 USPQ 857 (Fed.Cir.1983).

While creative, Ireco's argument is meritless. The violation of the duty of disclosure, discussed in *Kansas Jack,* which renders a patent unenforceable has its basis today in 37 CFR 1.56(a) which defines an inventor's duty of candor to the PTO during the prosecution of his application. This PTO rule applies to the *ex parte* prosecution of the application.

In the district court, and in this court, the adversary system of justice prevails and the duty of candor is a very different thing. There is considerable difference of opinion today as to how far counsel's obligation to be candid goes but, in any event, we do not think it goes as far as to require him to volunteer uncertainties such as whatever may have been in his mind about the presence or nonpresence of air in the Egly invention. Should counsel have been guilty of a lapse in candor, there would be a further doubt as to whether nonparties to that litigation could take advantage of it as Ireco here attempts to do.

### Balancing of the Equities

Ireco argues that the injunction should not issue because it, as well as the mining industry it serves, will suffer irreparable injury. Ireco alleges that at the time the district court ordered the preliminary injunction its allegedly infringing products accounted for 66% of its total sales. Ireco also claims that it would have to lay off approximately 200 employees, and that all this is unnecessary since the patent expires in June 1986.

■ Balancing the equities is within the discretion of the district court. It found, on the basis of Atlas's strong showing of validity and infringement, that the injury to Ireco was not sufficient to outweigh the injury to Atlas's patent rights. We are unpersuaded that the district court abused its discretion in this respect.

The fact that the patent has only one year to run is not a factor in favor of Ireco in the balance of equities. Patent rights do not peter out as the end of the patent term, usually 17 years, is approached.

### Conclusion

Ireco has failed to persuade this court that the district court was clearly erroneous in holding that Atlas proved a likelihood of success on the merits or abused its discretion in holding that the balance of equities lies in Atlas's favor, thus justifying the issuance of a preliminary injunction. Accordingly, the district court's Order issuing the preliminary injunction is *affirmed.*

AFFIRMED.