## DATASCOPE CORPORATION, Appellant,

v.

## KONTRON INCORPORATED, Appellee.

### Appeal No. 85–2671.

United States Court of Appeals, Federal Circuit.

March 13, 1986.

Stevan J. Bosses, Fitzpatrick, Cella, Harper & Scinto, New York City, argued, for appellant. With him on brief, were Leonard P. Diana and David A. Frankel.

John C. Vassil, Morgan, Finnegan, Pine, Foley & Lee, New York City, argued, for appellee. With him on brief, were Christopher K. Hu and Patricia S. Rocha.

Before MARKEY, Chief Judge, DAVIS and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

Datascope appeals from that portion of a district court order, reported at 611 F.Supp. 889, 227 USPQ 320 (D.Mass.1985), which denied a preliminary injunction with respect to the dual lumen catheters of Kontron. We affirm.

## BACKGROUND

The patent in suit is U.S. Patent No. 4,261,339, relating to an intra-aortic balloon (IAB) catheter. The invention was described by this court in *Datascope Corp. v. SMEC, Inc.*, 776 F.2d 320, 227 USPQ 838 (Fed.Cir.1985). In that case, the validity of the '339 patent was upheld and infringement by the device of SMEC was affirmed.

This case began in November 1984, when Datascope filed both an action against Kontron alleging infringement of the '339 patent and a motion for preliminary injunction seeking to enjoin Kontron from manufacturing and selling both types of its allegedly infringing devices. One type of device is called a single lumen IAB. Kontron conceded to the district court that that device is virtually identical to the SMEC device earlier found to infringe the '339 patent. The district court granted the preliminary injunction motion as to this single lumen device, and that part of the order has not been appealed.

The other type of device is called a double lumen IAB. In his findings of fact, the district judge described the double lumen device in this fashion:

In this IAB, the support member is replaced by a narrow hollow tube which is open at the distal end of the balloon chamber. In patients with tortuous arterial systems or atherosclerosis, a guidewire can be passed through the arterial system into the aorta. A dual lumen IAB is then threaded over the guidewire into the aorta with greater ease.

*Datascope Corp. v. Kontron, Inc.*, 611 F.Supp. at 891, 227 USPQ at 321. The district court denied the preliminary injunction motion as to this double lumen device, and Datascope appealed.

## OPINION

By its terms, 35 U.S.C. § 283 "clearly makes the issuance of an injunction discretionary." *Roche Products v. Bolar Pharmaceutical Co.*, 733 F.2d 858, 865, 221 USPQ 937, 942 (Fed.Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 183, 83 L.Ed.2d 117 (1984). The applicable standard of review was expressed in an earlier opinion of this court: "One denied a preliminary injunction must meet the heavy burden of showing that the district court abused its discretion, committed an error of law, or seriously misjudged the evidence." *Smith International, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1579, 219 USPQ 686, 691 (Fed.

Cir.), *cert. denied,* 464 U.S. 966, 104 S.Ct. 493, 78 L.Ed.2d 687 (1983).

Datascope argues that since Kontron concedes that the grant of the injunction as to the single lumen device reflects a proper exercise of discretion, the court's denial as to the dual lumen device necessarily reflects an abuse of discretion. We do not agree.

The district court examined and balanced the four factors recognized by this court in *Roper Corp. v. Litton Systems, Inc.,* 757 F.2d 1266, 1269, 225 USPQ 345, 346 (Fed. Cir.1985) (irreparable harm, balance of hardship, likelihood of success on the merits, public interest). *See also Cordis Corp. v. Medtronic, Inc.,* 780 F.2d 991, 994, 228 USPQ 189, 191 (Fed.Cir.1985). In a carefully considered opinion, the district court determined that the facts of this case did not warrant the issuance of an injunction. Since the district court's order was issued in June 1985, the court did not have the benefit of this court's analysis in *Atlas Powder Co. v. Ireco Chemicals,* 773 F.2d 1230, 227 USPQ 289 (Fed.Cir.1985) (grant of preliminary injunction affirmed even though no prior adjudication of infringement). As we have said, the injunction as to the single lumen device is not before us and we express no opinion on it. As to the double lumen device, we have reviewed the record as well as the arguments and we are satisfied that the district court did not abuse its discretion.

Regarding the irreparable harm factor, this court has held that where both validity and infringement have been "clearly established" irreparable harm is presumed. *Smith International,* 718 F.2d at 1581, 219 USPQ at 692; *accord Roper Corp.,* 757 F.2d at 1271–72, 225 USPQ at 348–49 ("clear showing" of validity and infringement of the patent gives rise to presumption of irreparable harm). One way for a movant to make that clear showing is by relying on a prior adjudication. *See, e.g., Smith International.* But this court has not necessarily required a prior adjudication to clearly show infringement. *See At-*

*las Powder* (prior adjudication of validity but no prior adjudication of infringement).

In this case, the district court found that Datascope "has not made such a clear showing of infringement that it is entitled to a presumption of irreparable harm." *Datascope Corp. v. Kontron, Inc.,* 611 F.Supp. at 894, 227 USPQ at 324. Datascope, asserting that that finding is erroneous, argues that it is entitled to a presumption of irreparable harm because the double lumen device is "not patentably distinct" from the single lumen device. That is, Datascope proposes a modified doctrine of equivalents under which it says infringement has been clearly shown.

■ The SMEC device was found to infringe the '339 patent under the doctrine of equivalents (a finding of fact affirmed by a divided panel of this court, *Datascope Corp. v. SMEC, Inc.,* 776 F.2d at 326, 227 USPQ at 843), and Kontron admitted to the district court that its single lumen IAB is virtually identical to the SMEC device. Datascope construes that admission as a concession by Kontron that the single lumen device is the equivalent of the patent claim. Datascope now argues to this court, as it argued to the district court, that because the double lumen device is the equivalent of an equivalent, it must necessarily infringe. Such an attenuated extrapolation demonstrates that Datascope misunderstands the doctrine of equivalents. This court has reviewed and rejected the sort of modified doctrine Datascope now proposes. Because "things equal to each other may not be equal to the same thing," it may not properly be assumed that just because an accused device is, in a sense, "equivalent" to an admittedly infringing device that it is also the equivalent of the patent claim. *KSM Fastening Systems, Inc. v. H.A. Jones Co., Inc.,* 776 F.2d 1522, 1528, 227 USPQ 676, 681 (Fed.Cir.1985). It may be that the dual lumen device will be found to infringe—the district court found that Datascope had shown a reasonable likelihood of success on the merits of that issue—but "no correlation between infringement by the accused device and by the adjudged

device necessarily exists as a result of their equivalence to each other." *Id.*

■ Against the harm to Kontron which would be caused by the granting of a preliminary injunction, the district court balanced the harm to Datascope which would be caused by a denial of the injunction. Moreover, regarding the public interest factor, the district court found that Kontron "has also made some showing that the public will be harmed by an injunction in that some physicians prefer defendant's dual lumen IABs." *Datascope Corp. v. Kontron, Inc.*, 611 F.Supp. at 895, 227 USPQ at 324. There is an adequate basis in the record for that finding.

"Equity requires that no one element be dispositive, that each be weighed and measured against others and against the relief demanded." *Roper Corp.*, 757 F.2d at 1269 n. 2, 225 USPQ at 346 n. 2. The district court balanced the weight given each factor and we are not persuaded that the court abused its discretion in reaching its determination. Accordingly, the order of the district court is affirmed.

AFFIRMED.