**T.J. SMITH AND NEPHEW LIMITED,**
Plaintiff-Appellant,

v.

**CONSOLIDATED MEDICAL EQUIP-MENT, INC. and Avery International Corporation, Defendants-Appellees.**

No. 87–1081.

United States Court of Appeals,
Federal Circuit.

June 25, 1987.

Albert L. Jacobs, Jr., Jacobs & Jacobs, P.C., New York City, argued for plaintiff-appellant. With him on the brief were Mark H. Sparrow and Stephen M. Haracz.

Charles B. Gordon, Pearne, Gordon, McCoy & Granger, Cleveland, Ohio, argued for defendants-appellees. With him on the brief was Stephen A. Hill.

Before MARKEY, Chief Judge, FRIEDMAN, Circuit Judge, and BENNETT, Senior Circuit Judge.

MARKEY, Chief Judge.

Appeal from denial by the District Court for the Northern District of New York of a preliminary injunction in suit filed by T.J. Smith and Nephew Limited (Nephew) against Consolidated Medical Equipment, Inc., and Avery International Corporation (Con Med) for infringement of U.S. Patent No. 3,645,835 and its reissue, No. RE 31,-887, entitled "Moisture-Vapor-Permeable Pressure-Sensitive Adhesive Materials," 645 F.Supp. 206. We affirm.

### The Denial

After two days of hearings, during which the testimony of Nephew's single witness was almost totally limited to infringement, Judge McCurn issued a comprehensive and carefully considered Memorandum Decision and Order announcing and thoroughly supporting his determination that:

1. Nephew did not establish a reasonable likelihood of success on the merits.

2. Nephew made no demonstration of irreparable harm.

3. Because of (1) and (2) it is unnecessary to discuss a balance of hardships or the public interest.

### Issue

Whether Judge McCurn abused his discretion, erred in law, or seriously misjudged the evidence, in denying the preliminary injunction sought by Nephew.

### OPINION

#### (1) Scope of Review

The scope of review of a denial of an injunction is narrow. "By its terms, 35 U.S.C. § 283 'clearly makes the issuance of an injunction discretionary.'" *Datascope Corp. v. Kontron Inc.*, 786 F.2d 398, 399, 229 USPQ 41, 42 (Fed.Cir.1986) (quoting *Roche Prod. v. Bolar Pharmaceutical Co.*,

733 F.2d 858, 865, 221 USPQ 937, 942 (Fed. Cir.), *cert. denied,* 469 U.S. 856, 105 S.Ct. 183, 83 L.Ed.2d 117 (1984)). "One denied a preliminary injunction must meet the heavy burden of showing that the district court abused its discretion, committed an error of law, or seriously misjudged the evidence." *Smith Int'l, Inc. v. Hughes Tool Co.,* 718 F.2d 1573, 1579, 219 USPQ 686, 691 (Fed. Cir.), *cert. denied,* 464 U.S. 996, 104 S.Ct. 493, 78 L.Ed.2d 687 (1983); *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories,* 630 F.2d 120, 136, 207 USPQ 719, 734–35 (3rd Cir.), *cert. denied,* 449 U.S. 1014, 101 S.Ct. 573, 66 L.Ed.2d 473 (1980).

To obtain a preliminary injunction in a patent infringement action pursuant to 35 U.S.C. § 283, a party must establish a right thereto in light of four factors: (a) reasonable likelihood of success on the merits; (b) irreparable harm; (c) a balance of hardships tipping in its favor; and (d) that the issuance of the injunction is in the public interest. *Datascope,* 786 F.2d at 400, 229 USPQ at 42; *Roper Corp. v. Litton Sys., Inc.,* 757 F.2d 1266, 1269, 225 USPQ 345, 346 (Fed.Cir.1985). Here, Judge McCurn cited each of the foregoing factors, and found that Nephew established none.

### (2) *Likelihood of Success*

The district court said:

> The court therefore concludes that, while the plaintiff has taken some significant steps toward proving its ultimate case on the merits, it has not met its burden of showing a reasonable likelihood of success on the merits on all of the questions before the court.

Among the questions on which the court held Nephew had not met its burden was infringement, particularly in relation to the "unreinforced backing material" claim limitation:

However, there are too many unanswered questions regarding the reinforcement or lack of reinforcement of the backing material for the court to conclude that the plaintiff has met its burden as to this element.

Arguing that the district court erred as a matter of law in interpreting "unreinforced", and that it seriously misjudged the evidence, Nephew sets out its own view of the evidence and requests this court to answer in its favor the district court's unanswered question. We can find no basis for Nephew's assertion of legal error and misjudged evidence. On the contrary, we find that Nephew misjudges the role of this court on reviewing a denial of a preliminary injunction, as evidenced by Nephew's election to simply ignore what this court said in *Roper:*

> *Roper's* request that this court make a finding of infringement the district court expressly reserved is wholly inappropriate. *Roper* misconstrues the *appellate* function of this court and the decisional criteria in considering motions for preliminary injunctions. Substantive issues, such as validity and infringement, are not raised for final resolution by such motions.

757 F.2d at 1271, 225 USPQ at 348 (emphasis in original).[1]

### (3) *Irreparable Harm*

The district court said:

> Moreover, even if the court were to assume that the plaintiff has established a reasonable likelihood of success on the merits, the injunction sought could not be granted, because there has been no demonstration of irreparable harm.

Nephew put in no evidence on irreparable harm, but says it made such a "strong showing" of validity and infringement that it is entitled to a presumption of irreparable harm.[2] Nephew's argument is refuted

---

1. That Nephew cited *Roper* six times in its appeal brief and four times in its reply brief (for other propositions), that Con Med cited *Roper* in its brief for this court's statement on reserved questions, and that the issue was the treatment on appeal of reserved questions, are factors tending to indicate a lack of candor in Nephew's simply ignoring this language in *Roper*.

2. Assaying a "sky is falling", court-threatening approach, Nephew repeats *ad nauseum* its dire predictions: "If the patent system is to have vitality"; "if an injunction is not granted, it will be construed as a clear statement by this Court that the old law (that a patentee must have proven validity and infringement in a prior litigation to obtain a preliminary injunction) is *still*

by the record: (1) As above indicated, it did not show likelihood of success in respect of infringement; (2) the presumption of validity on which it rests is procedural, not substantive, *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1534, 218 USPQ 871, 875 (Fed.Cir.1983), and is not "strengthened" by reissue, *Fromson v. Advance Offset Plate, Inc.*, 755 F.2d 1549, 1555, 225 USPQ 26, 31 (Fed.Cir.1985); (3) the district court held only that it "cannot conclude at this time that it has been clearly and convincingly shown that the '887 reissue patent is invalid"; (4) internal memos of corporate executives regarding validity, upon which Nephew relies, do not "prove" validity; (5) Nephew waited 15 months before seeking a preliminary injunction; (6) Nephew had long licensed its patent to two licensees.

There is no basis in this record for application of a presumption of irreparable harm, and if there were, that presumption being like all presumptions rebuttable, it would have been rebutted here by Nephew's delay in seeking an injunction and by its grant of licenses, acts incompatible with the emphasis on the right to exclude that is the basis for the presumption in a proper case.[3]

### (4) *Other Matters*

Though the district court found it unnecessary to discuss the balance of harm and public interest factors, the record shows that Nephew submitted no evidence whatever in support of its burden on those factors. Hence, Nephew also failed to carry its burden in relation to these two of the four factors involved in obtaining a preliminary injunction.

The district court and the parties here have discussed Con Med's intervening-rights defense. It is sufficient to state that the district court correctly reserved the question, saying:

> There is not sufficient evidence before the court for a thorough and accurate determination on the issue of intervening rights to be made, and there are still open questions that must be answered until [sic] that determination can be made.

In further arguing that Nephew made no strong showing of likelihood of success, Con Med says Nephew made no showing whatever on the misuse and inequitable conduct defenses and failed in its repeated efforts to get Con Med's antitrust counterclaims dismissed. Nephew ignored those assertions entirely. Like the district court, we see no need to discuss them.

Con Med sought to supplement the appendix. Nephew objected. Finding the supplemental materials irrelevant, we have not employed them.

### CONCLUSION

In denying a preliminary injunction on this record, Judge McCurn did not abuse his discretion, committed no error of law, and did not misjudge the evidence. The denial is affirmed.

**AFFIRMED.**

---

the law, and that this Court did not mean to enforce what it said in *Smith International* and *Roper*"; "To refuse to enjoin these willful infringers … would cast a dark shadow upon the vitality of the patent system"; "If this Court intends that the patent system be strong, and if it intends that the district courts should follow *Smith International* and *Roper* as the standards under which patentees are to be granted preliminary injunctions, this Court can only send that clear message by reversing the district court". In light of the record, Nephew's alarums have a decidedly hollow ring.

3. In *Smith Int'l*, there was an earlier court determination of validity *and* Smith admitted infringement. 718 F.2d at 1575, 219 USPQ at 687. In *Roper*, the movant was denied a preliminary injunction because, *inter alia*, it had demonstrated at most a mere apprehension of future infringement. 757 F.2d at 1273, 225 USPQ at 349.