846 F.2d 78
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
T.J. SMITH AND NEPHEW LIMITED, Plaintiff-Appellee,
v.
ACME UNITED CORPORATION, Defendant-Appellant.
 No. 88-1031.
 United States Court of Appeals, Federal Circuit.
 March 28, 1988.
 
 Before MARKEY, Chief Judge, FRIEDMAN and DAVIS, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the United States District Court for the District of Connecticut, granting a preliminary injunction enjoining defendant-appellant from manufacturing or selling ACU-DERM moisture-vapor-permeable adhesive dressings, is affirmed.
 
 OPINION
 
 2
 T.J. Smith and Nephew (Smith & Nephew) sued Acme United Corporation (Acme) in the District of Connecticut, charging infringement of the former's Reissue Patent No. Re 31,887 (the '887 reissue patent), involving a wound dressing. Smith & Nephew sought a preliminary injunction prohibiting Acme from continued sale or distribution of its ACU-DERM sensitive adhesive materials, on the ground of infringement of the '887 reissue patent. After consideration by a magistrate and the district court, the preliminary injunction was granted.
 
 
 3
 We affirm because the district court extensively considered the four elements necessary for the grant of a preliminary injunction against infringement pendente lite --reasonable likelihood of success on the merits; irreparable harm to the applicant; a balance of hardship in favor of applicant; and a public interest favoring issuance--and appropriately concluded that the injunction should be granted. We need not repeat the magistrate's discussion of these factors (his opinions were adopted, approved and ratified by the trial judge). In view of the district court's discretion to evaluate the factors and to determine whether an injunction should be allowed (T.J. Smith & Nephew Ltd. v. Consolidated Medical Equip., 821 F.2d 646, 3 USPQ2d 1316 (Fed.Cir.1987)), we reject appellant Acme's challenges. We note, in particular, that Acme bore the burden at trial of proving intervening rights, and in that light the court could decide (for the purposes of the preliminary injunction) that the inclusion in the reissued patent of the word "unreinforced" was merely a clarification of the original patent.
 
 
 4
 Appellant tries to make something of this court's decision (upholding denial of a preliminary injunction) in Consolidated Medical Equip., supra. However, in a separate opinion the trial court pointed out herein the many differences between that case and this. Moreover, in Consolidated a preliminary injunction had been denied, and this court exercised its narrow review powers in that converse situation. Here, of course, the injunction was granted and our review is comparably narrow.