871 F.2d 1096
 10 U.S.P.Q.2d 1876
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
P.W. WOO & SONS, INC., d/b/a ABC Toys, Charles Woo, Pak Wah
Woo, Shu Woo, Jack Woo, T.K. Woo, Yonezawa
Corporation, Kazuo Wakimura and Mitsuwa
Kogyo Co. Ltd., Plaintiffs-Appellees,
v.
ANTELOPE ENTERPRISE CO. LTD., Tuong Duc Ta and TDT Company,
Defendants- Appellants.
 No. 88-1599.
 United States Court of Appeals, Federal Circuit.
 March 1, 1989.
 
 Before EDWARD S. SMITH, PAULINE NEWMAN and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Antelope Enterprise Co. LTD., Tuong Duc Ta and TDT Company (TDT) appeal from the order of the United States District Court for the Central District of California, No. 87-6848 (August 15, 1988), preliminarily enjoining them from "importing [etc.] ... any 'fishing game' which infringes U.S. Letters Patent No. 4,224,761" ('761).[1] We affirm.
 
 OPINION
 
 2
 In order to obtain a preliminary injunction in a suit for patent infringment, a party must establish its right thereto in the light of four factors: (1) reasonable likelihood of success on the merits; (2) irreparable harm; (3) a balance of hardships tipping in its favor; and (4) the issuance of the injunction is in the public interest. T.J. Smith & Nephew Ltd. v. Consolidated Medical Equip., Inc., 821 F.2d 646, 647, 3 USPQ2d 1316, 1317 (Fed.Cir.1987). The grant or denial of a preliminary injunction is within the discretion of the district court and an appellant must carry the "heavy burden of showing that the district court abused its discretion, committed an error of law, or seriously misjudged the evidence." Smith Int'l, Inc. v. Hughes Tool Co., 718 F.2d 1573, 1579, 219 USPQ 686, 691 (Fed.Cir.), cert. denied, 464 U.S. 996 (1983); see also Hybritech, Inc. v. Abbot Labs., 849 F.2d 1446, 1449, 7 USPQ2d 1191, 1194 (Fed.Cir.1988).
 
 
 3
 TDT argues that entry of the preliminary injunction was an abuse of the court's discretion or an error of law because the court failed to consider the balance of hardships between the parties and improperly determined that P.W. Woo & Sons, Inc., et al. (Woo) would be likely to succeed on the merits. Although the court did not provide expansive findings of fact or conclusions of law on the issues, we are convinced that they are adequate to support the preliminary injunction, particularly in the light of the record as a whole.
 
 
 4
 The record indicates that the court was fully aware of and considered the evidence offered by TDT in opposition to entry of the injunction. From the bench, the court acknowledged that TDT was holding a half a million dollars worth of inventory that could not be sold in face of the injunction,[2] but in its findings and conclusions it also determined that unless enjoined "defendants will cause the plaintiff irreparable harm including: lost sales which cannot be calculated; damages which the defendants will not be able to pay; lost profits which cannot be calculated; and damage to plaintiff's reputation." Regarding likelihood of success, the court's findings and conclusions were that each of TDT's fishing games literally infringed at least one of the claims of the '761 patent and that the '761 patent would not have been obvious in view of the prior art, including the prior art patents not considered by the patent examiner. In the record, the court noted the differences between the claimed invention and the prior art and because of the differences said it would not have been "apparent" to modify the prior art as required to produce the claimed invention and that the invention was not "obvious at all."
 
 
 5
 Given this court's narrow scope of review, we are not persuaded that the district court abused its discretion, made an error of law, or seriously misjudged the evidence. See Hybritech, 849 F.2d at 1449, 7 USPQ2d at 1194.
 
 
 
 [1]
 The order also enjoined TDT from "claiming any benefit under United States Customs regulations from recordation [sic, of] 'fishing game' copyrights." Only the injunction related to the patent claims is at issue on appeal
 
 
 [2]
 As is evident from the record, however, TDT's hardship stemmed largely from its acquisition of clearly infringing inventory following the initiation of Woo's suit for infringement