878 F.2d 1446
 11 U.S.P.Q.2d 1575
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
C.R. BARD, INC., Plaintiff-Appellee,
v.
The KENDALL COMPANY, Defendant-Appellant.
 No. 89-1041.
 United States Court of Appeals, Federal Circuit.
 May 26, 1989.
 
 Before NIES, Circuit Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 BISSELL, Circuit Judge.
 DECISION
 The Kendall Company (Kendall) appeals the order of the United States District Court, No. 88-3236 TJH (C.D.Calif. September 19, 1988) (Hatter, J.), granting the preliminary injunction motion of C.R. Bard, Inc. (Bard). We vacate and remand for further proceedings consistent with this opinion.
 
 OPINION
 
 1
 In ruling on a preliminary injunction motion, the district court must consider, inter alia, the moving party's likelihood of success on the merits. See Datascope Corp. v. Kontron Inc., 786 F.2d 398, 400, 229 USPQ 41, 42 (Fed.Cir.1986). In construing the claims of United States Patent No. 4,194,509 ('509), the court determined that there was "no special meaning or definition given to the term 'heat' shrinkable material or 'heat' shrunk wrap in the '509 Patent specification or file history." Bard, No. 88-3236 TJH, slip op. at 3. After examining claims 1, 5, and 7 of the '509 patent the district court then determined that Bard was likely to prevail because Kendall's devices infringe the claims at issue. Id. at 9.
 
 
 2
 To ascertain the meaning of "disputed claim language, resort should be made to the claims at issue, the specification, and the prosecution history." Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 867, 228 USPQ 90, 93 (Fed.Cir.1985). The '509 patent describes a catheter drainage system wherein the connection between catheter and drainage tube adaptor is sealed with a heat shrinkable band. The specification of the '509 patent discloses that the heat shrinkable material is "to be made of an appropriate heat shrinkable resin such as, for example, polyolefins and more particularly polyethylene...." '509 patent, column 3, lines 41-43. Contrary to the district court's construction, the '509 specification's reference to these resins imparts a special definition to the claim language "heat shrinkable material" and "heat shrunk wrap." The district court found Kendall's seal material and materials that shrink at higher temperatures are well recognized by the trade as interchangeable equivalents. However, equivalency is not the test for literal infringement.
 
 
 3
 Once the claims of a patent have been improperly construed, that improper construction can undermine the court's entire infringement analysis. See Moeller v. Ionetics, Inc., 794 F.2d 653, 656, 229 USPQ 992, 994 (Fed.Cir.1986) (stating that improper claim construction can distort an entire infringement analysis). In this case, the district court's findings of infringement were sufficiently tainted by the improper claim construction to warrant reexamination of the likelihood of success on that issue.
 
 COSTS
 
 4
 Each party shall bear its own costs.