**GLASSTECH, INC., Plaintiff,**

v.

**AB KYRO OY, Defendant.**

**No. MDL 601.**

United States District Court,
N.D. Ohio, W.D.

Jan. 31, 1986.

---

Ernie L. Brooks, Brooks & Kushman, Southfield, Mich., for plaintiff.

Ronald L. Grudziecki, Burns, Doane, Swecker & Mathias, Alexandria, Va., Charles Goldberg, Rothgerber, Appel, Powers & Johnson, Denver, Colo., for defendant.

## MEMORANDUM and ORDER

WALINSKI, District Judge.

This cause is before the Court on plaintiff Glasstech's motion and supplemental brief in support of its motion for temporary restraining order and preliminary injunction. Defendant Kyro has opposed each pleading. Also before the Court is defendant's motion to strike plaintiff's affidavits, plaintiff's response, and defendant's reply thereto. Plaintiff's motion for injunctive relief was brought as a result of defendant's alleged infringement of plaintiff's U.S. Patent Register No. 3,994,711 (the '711 patent) in violation of 35 U.S.C. § 101 *et seq.*

### FINDINGS OF FACT

Plaintiff Glasstech is an Ohio corporation involved in the manufacture and sale of various glass processing equipment. Defendant Kyro is a Finnish corporation which has a division called Tamglass that is involved in the manufacture and sale of horizontal oscillating glass tempering sys-

tems, among other products. Tamglass Inc. is a wholly owned subsidiary of Kyro which oversees Tamglass' operations in the United States. The product which is the subject of this action is a horizontal oscillating glass tempering system.

On October 11, 1983, Glasstech filed a complaint against Kyro with the United States International Trade Commission (ITC) alleging violations of the Tariff Act, 19 U.S.C. § 1337. The ITC conducted an investigation which included extensive discovery.

The Administrative Law Judge issued an opinion finding that Glasstech held a valid patent and that Kyro had infringed that patent in violation of § 1337 of the Tariff Act. The ITC issued an exclusion order which provided that Kyro's furnaces, which infringe upon the '711 patent, are excluded from entry into the United States except under license of the patent owner.

On October 2, 1984, Glasstech filed a motion for temporary restraining order and preliminary injunction with the United States District Court for the Eastern District of Michigan. On December 17, 1984, Judge Robert E. DeMascio denied the motion for preliminary injunction finding that plaintiff showed substantial likelihood of success on the merits, but failed to adequately demonstrate that irreparable harm would result from a denial of injunctive relief. Specifically, Judge DeMascio found that the only threat of infringement came from Kyro's foreign production of the furnaces and that Glasstech was adequately protected from this harm by the ITC's exclusion order.

On December 28, 1984, Glasstech filed another motion for temporary restraining order and preliminary injunction supported by affidavits and other evidence relating to Kyro's intentions to begin domestic production of the furnaces. Glasstech's renewed motion for preliminary injunction was denied on February 6, 1985. Judge DeMascio ruled that the additional information did not alter the Court's reasoning or conclusion as set forth in its original order of December 17, 1984.

Glasstech appealed Judge DeMascio's second denial of preliminary injunctive relief. The Court of Appeals for the Federal Circuit found that since the Multi-District Litigation Panel consolidated this case with the cases pending in this Court in MDL Docket No. 601 on January 30, 1985, Judge DeMascio did not have jurisdiction to issue his February 6, 1985 order.

Glasstech has now filed its motion for temporary restraining order and preliminary injunction in this Court. The facts before the Court on the renewed motion for preliminary injunction are substantially similar to the facts which were before Judge DeMascio, with one exception. Judge DeMascio found that Glasstech had failed to substantiate the inference that Kyro intended to begin domestic manufacture of the subject furnaces, and that the ITC exclusion order adequately protected Glasstech from the only remaining threat of infringement which would come from Kyro's foreign production of the furnaces. At this point in the proceedings, however, Kyro admits that it is actively manufacturing and selling the glass tempering systems in the United States. (Defendant's Response to Motion for Preliminary Injunction at 9, and Defendant's Response to Supplemental Brief on Motion for Preliminary Injunction at 3). It is based on the facts as set forth above that the Court makes the following conclusions.

## CONCLUSIONS OF LAW

A party seeking a preliminary injunction must show:

   (1) that it will be immediately and irreparably injured;

   (2) that there is a likelihood of success on the merits;

   (3) that the public interest would be better served by the relief requested; and

   (4) that the balance of hardships on all parties favors the petitioner.

*Zenith Radio Corp. v. United States*, 710 F.2d 806 (Fed.Cir.1983). In reaching a decision the Court must balance all of the elements and consider all four factors.

"No one element will necessarily be dispositive of the case." *Smith International, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1579 (Fed. Cir.), *cert. denied*, 464 U.S. 996, 104 S.Ct. 493, 78 L.Ed.2d 687 (1983).

It is the issue of whether or not Glasstech has made a showing of irreparable harm that has generated the most controversy in this action thus far. Kyro claims that any harm which may be incurred is adequately compensable in monetary damages. Glasstech claims that based upon the holdings in *Smith* and *Roper Corporation v. Litton Systems, Inc.*, 757 F.2d 1266, 1268 (Fed. Cir.1985), irreparable harm will be presumed in a patent case where validity and infringement have been clearly established.

■ In the *Smith* case validity of the patent had already been adjudicated by the ruling of the Ninth Circuit Court of Appeals, and infringement was admitted by the defendant. There is no question that in such a situation validity and infringement are "clearly established." In the case *sub judice*, validity and infringement have been found by the ITC. A finding by the ITC may or may not "clearly establish" validity and infringement for the purpose of a presumption of irreparable harm in accordance with *Smith*. What is clear, however, is that a nine day hearing took place in front of the Administrative Law Judge, 485 exhibits were entered into evidence, and no less than five attorneys were present to represent Kyro's interest before the ITC. The result of the hearing was an exclusion order providing that Kyro's furnaces which infringe upon the '711 patent were to be excluded from entry into the United States except under license of the patent order. The evidence in the record at this point leads the Court to find that Kyro is seeking to circumvent the exclusion order by manufacturing and selling the systems domestically.

■ Kyro argues that any alleged infringement and related damages are fully compensable in money. This argument downplays the nature of the statutory right to exclude others from making, using, or selling a patented invention in the United States. *Smith*, 718 F.2d at 1577–78. The patent statute provides for injunctive relief to protect against future infringement which may have market effects never fully compensable in money. "If monetary relief were the sole relief afforded by the patent statute then injunctions would be unnecessary and infringers could become compulsory licensees for as long as the litigation lasts." *Atlas Powder Company v. Ireco Chemicals*, 773 F.2d 1230, 1233 (Fed.Cir.1985). Based on the foregoing, the Court finds that plaintiff has sufficiently shown irreparable harm.

■ Turning to the next criterion which must be satisfied before a preliminary injunction will issue, the Court finds that plaintiff is successful again. Plaintiff has sufficiently demonstrated that there is a substantial likelihood that it will succeed on the merits. As noted by Judge DeMascio, although the ITC's decision has no binding effect on this Court, the proceedings before that agency were quite extensive and comparable to those which might take place before a federal district court. Even though the ITC proceedings are not res judicata, the inference that this Court must draw on plaintiff's probability of success on the merits is inescapable.

The final two factors to be considered by the Court are whether the public interest would be better served by the relief requested and whether the balance of hardships on the parties favors plaintiff. Clearly there is significant public interest in securing the benefit of the patent property to the patent owner. Accordingly, the information available at this time compels a finding that the public interest would be better served by granting the injunctive relief.

■ Regarding the balance of hardships, both parties stand to suffer significantly. The Court concludes, however, that Glasstech stands to incur the greater damage. Glasstech is subject to continuing price erosion, the possibility of more infringers and disruption to Glasstech's business in terms

of personnel and research resulting from such competition and the associated reduction of revenues.

Based upon the foregoing discussion of the four factors to be considered in deciding a motion for preliminary injunction, as well as the fact that the Court must balance all of the elements since no one element is necessarily dispositive of the case, the Court finds the motion for preliminary injunction to be well taken.

Also before the court is defendant's motion to strike the affidavits of Norman J. Klatt and Harold A. McMaster and for sanctions under Rule 11 Fed.R.Civ.P. Each of the affidavits contained the following statement:

12. Kyro boasts of four sales a year at page 13, while Glasstech has not been able to sell a single oscillator for delivery in the United States in 1985.

Defendant submitted evidence to demonstrate that Glasstech had, in fact, agreed to deliver a glass tempering system in 1985. Glasstech denies that the discrepancy had any material aspect to it, but it has filed new affidavits signed by McMaster, Klatt and Blumer which clear up the questionable dates. Accordingly, the twelfth paragraph of the original affidavits of both Klatt and McMaster are ordered stricken from the record. The request for Rule 11 sanctions is denied.

It is therefore,

ORDERED that plaintiff's motion for preliminary injunction is found to be well taken and same is granted. Defendant is hereby enjoined from the domestic manufacture of glass tempering systems including frictionally driven oscillating roller hearth furnaces and components thereof which infringe claim 1 of U.S. Letters Patent 3,994,711, except under license of the patent owner.

FURTHER ORDERED that bond is set in the amount of $500,000.00.

FURTHER ORDERED that defendant's motion to strike paragraph 12 of the affidavits of Norman J. Klatt and Harold A. McMasters is found to be well taken and same is granted. The request for Rule 11 sanctions is denied.