### In re CONVERTIBLE ROWING EXERCISER PATENT LITIGATION.

#### No. Misc. 85–14.

United States District Court, D. Delaware.

Aug. 31, 1989.

Bruce M. Stargatt, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., of counsel, Harold J. Birch, and Alan I. Cantor, of Banner, Birch, McKie & Beckett, Washington, D.C., for plaintiffs.

Allen M. Terrell, Jr., of Richards, Layton & Finger, Wilmington, Del., of counsel, Melvin F. Jager, and Cynthia A. Homan, of Willian Brinks Olds Hofer Gilson & Lione Ltd., Chicago, Ill., for defendant Ajay Enterprises Corp.

Neil M. Rose, Sunbeam Corp., Downers Grove, Ill., for Allegheny International Exercise Co.

Todd B. Serota, of Poms, Smith, Lande & Rose, Los Angeles, Cal., for Rocket Industries, Inc.

Philip B. Polster, of Polster, Polster and Lucchesi, St. Louis, Mo., for Roadmaster, Inc.

John J. Dempsey, of Chapin, Neal & Dempsey, Springfield, Mass., for Columbia Mfg. Co.

Myron Amer, of Bauer & Amer, Mineola, N.Y., for Beacon Enterprises, Inc., Saw Mill River Industries, Inc.

Kenneth R. Glaser, of Glaser, Griggs & Schwartz, Dallas Tex., for Walton Mfg. Co.

Thomas J. Rossa, of Trask, Britt & Rossa, Salt Lake City, Utah, for defendant Weslo, Inc.

Peter M. Sieglaff, of Potter Anderson & Corroon, Wilmington, Del., Liaison Counsel, for defendants.

Edmond Falgowski, of Dept. of Justice, Wilmington, Del., of counsel, Lyn M. Schlitt, James A. Toupin, Jack M. Simmons, U.S. International Trade Comm'n, Washington, Del., amicus curiae.

## OPINION

LONGOBARDI, Chief Judge.

This opinion addresses an issue of first impression raised in a summary judgment motion by Defendants Ajay Enterprises Corporation and Weslo, Inc. in a dispute involving the alleged validity and infringement of U.S. Patent No. 4,477,071 (the " '071 patent"). The ultimate determination of the issue may affect the emerging patent litigation strategy of "testing the water" on patent validity, enforceability and infringement issues [1] before the International Trade Commission ("ITC"). The precise question before the Court is whether the determination of the ITC invalidat-

ing the '071 patent, affirmed by the Court of Appeals for the Federal Circuit ("Federal Circuit"),[2] made relative to a determination that no violation of section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337 (1982)) occurred, should be given preclusive effect in this Court despite the grant of original jurisdiction over patent matters placed in the District Courts under 28 U.S.C. § 1338 (1982).[3]

## BACKGROUND

In October, 1984, nine separate patent infringement actions were instituted in districts throughout the country. The Judicial Panel on Multidistrict Litigation thereafter referred to this District the original cases and four more cases involving the '071 patent. The cases are now consolidated for pretrial proceedings. Plaintiffs are Diversified Products Corporation ("DP") and Brown Fitzpatrick Lloyd Ltd. ("BFL"). The Defendants, each named in one of the actions, are Ajay Enterprises Corporation ("Ajay"), Allegheny International Exercise Company ("Allegheny"), Beacon Enterprises, Inc. and Saw Mill River Industries ("Beacon/Saw Mill"), Billard Barbell Company ("Billard"), Columbia Manufacturing Company ("Columbia"), Roadmaster, Inc. ("Roadmaster"), Rocket Industries, Inc. ("Rocket"), Walton Manufacturing Company ("Walton") and Weslo, Inc. ("Weslo").[4]

On December 5, 1984, DP filed a Complaint with the ITC pursuant to 19 U.S.C. § 1337 (1982). The Complaint was amended twice. The Second Amended Complaint

---

1. *See, e.g.,* Shearson Lehman Hutton, "Current Comments on Health Care" (Oct. 24, 1988) (discussing litigation strategy of first pursuing patent validity determination at ITC as opposed to District Courts because ITC proceedings have shorter life-span).

2. *Diversified Products Corp. v. United States Intern. Trade Com'n,* 824 F.2d 980 (Fed.Cir.1987).

3. The question is one of first impression because of the relatively recent passage of the Federal Courts Improvements Act of 1982, Pub.L. No. 97–164, § 160(a)(5), 96 Stat. 48, 163(a), 96 Stat. 49. Previously, decisions of federal District Courts on patent matters were appealed to the Court of Appeals in the Circuit of that District Court. Decisions of the ITC were appealed to the United States Customs and

Patent Appeals ("CCPA"). 19 U.S.C. § 1337 (1976) (no longer in effect after passage of Federal Courts Improvement Act). Now, decisions of District Courts on patent questions and all decisions of the ITC are appealed to the Federal Circuit. 28 U.S.C. § 1292(c)(2) (1982 & Supp. II 1984) (patent appeals to Federal Circuit from District Court); 19 U.S.C. § 1337 (1982 & Supp. II 1984) (appeals of ITC determinations must be taken to Federal Circuit).

4. Defendants Allegheny, Beacon/Saw Mill and Billard have all sought protection under the Bankruptcy Code. The actions involving these parties have been dismissed because of the pending bankruptcy proceedings.

alleged that Defendant Weslo committed acts of unfair trade practice in violation of section 337 by importing goods that infringe the '071 patent. Weslo responded to the Complaint by asserting, *inter alia*, that the '071 patent was invalid and not infringed.[5]

The Administrative Law Judge ("ALJ"), after concluding all other aspects of an unfair trade practice had been established, held that the invention of the '071 patent was anticipated and obvious in view of the prior art Beacon 3002 rowing machine. On review, the full Commission reversed the ALJ's conclusion of anticipation but sustained the ALJ on all other grounds. *In the Matter of Certain Convertible Rowing Exercisers*, ITC Investigation No. 337–TA–212 (1985). DP appealed to the Federal Circuit for review of the obviousness finding of the ITC. The Federal Circuit in an unpublished opinion dealt exclusively with the obviousness issue. The appellate court affirmed the determination by the ITC that the '071 patent was invalid and thus no violation of section 337 occurred. *Diversified Products Corp. v. United States Intern. Trade Com'n*, 824 F.2d 980 (Fed.Cir. 1987).[6]

## DISCUSSION

The Defendants argue that summary judgment on the issue of patent validity should be entered for them based upon the affirmance by the Federal Circuit of the ITC determination that the '071 patent is invalid by reason of obviousness. Obviousness is a legal conclusion based on factual determinations and not a factual determination itself. *Karlstads Mekaniska Werkstad v. ITC*, 705 F.2d 1565 (Fed.Cir.1983). Defendants assert that the rule promulgated by the Supreme Court in *Blonder–Tongue v. University Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), bars Plaintiffs from relitigating the validity of the '071 patent. In *Blonder–Tongue*, the Supreme Court held that once a court determines a patent is invalid in a proceeding where the patent owner had a full and fair opportunity to adjudicate, the patent owner is precluded from relitigating the validity of the patent against all others. *Id.* The Supreme Court thus eliminated the mutuality requirement in the use of collateral estoppel in cases finding patent invalidity.

Defendants also urge that the doctrine of "administrative *res judicata*" prevents further judicial review of the '071 patent. In *United States v. Utah Constr. Co.*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), the Supreme Court held that findings of federal agencies shall be given preclusive effect when those agencies are acting in a judicial capacity. *Id.* at 422, 86 S.Ct. at 1560. Defendants argue the ITC is a federal agency; it acted in a judicial capacity in the proceeding declaring the '071 patent invalid; therefore, the findings of the ITC in this matter should be

---

5. Weslo is the only Defendant common to the District Court action and the ITC proceeding and was the only active participating Defendant before the ITC.

6. The Beacon 3002 rower appeared as evidence in the ALJ's proceeding one month before the hearing date (Aug. 12, 1985). A Beacon official testified he demonstrated Beacon rowers in an upright position to retail buyers around 1980. Initially, no buyers or other disinterested witnesses could corroborate these allegations. Then three days before the hearing date a former buyer for Montgomery Ward, John Kucera, came forward and testified that he witnessed a demonstration of the Beacon rower in an upright position in October, 1980. This testimony was the lynch-pin for the ALJ's decision that the Beacon 3002 rower constituted prior art.

DP also filed a lawsuit in Canada alleging infringement of its Canadian patent for the same rowing machine. The Canadian court held the Canadian patent valid and infringed. *Diversified Products Corp. and Brown Fitzpatrick Lloyd Patent Ltd. v. Tye–Sil Corp. Ltd.*, No. T–1565–85 slip op. (Fed.Ct. of Canada, Jul. 30, 1987). The Canadian court found the testimony showing the Beacon 3002 rower as prior art to be unpersuasive and adequately rebutted by evidence not used in the United States ITC proceeding. The Canadian decision was issued on July 30, 1987. The decision of the Federal Circuit affirming the ITC was issued June 17, 1987. DP argues, if given adequate time to prepare for the testimony regarding the demonstration of the Beacon 3002 rower, no court or administrative tribunal could find the '071 patent invalid.

given preclusive effect.[7]

Failure to grant preclusive effect to the Federal Circuit's affirmance of the '071 patent gives rise to prudential as well as practical problems. First, if the Court does not grant preclusive effect to the ITC determination that the '071 patent is invalid, this Court might find, as the Canadian court found with the benefit of additional evidence, that the '071 patent is not invalid.[8] This Court then would be placed in the awkward position of disagreeing with a Federal Circuit decision upholding the invalidity of the '071 patent and the same Court of Appeals would be asked to hear the appeal of the decision by this Court finding the '071 patent not invalid.[9] (The implications of such circumstances need not be discussed in detail at this point.)

Unlike the prudential problems posed above, the issue posed by conflicting decisions—one finding the '071 patent invalid affirmed by the Federal Circuit and one holding the '071 patent not invalid—is a practical problem courts and commentators have addressed although not in this specific context. If preclusive effect is not granted to the determination of patent invalidity, those individuals who have relied upon the Federal Circuit's affirmance could face potential financial harm if a contrary result were reached by this Court and affirmed by the Federal Circuit. For example, individuals might invest capital in an effort to produce a product for market following a determination by the ITC and affirmance by the Federal Circuit. Then, if preclusive effect were not granted to the prior proceeding, this Court could uphold the validity of that same patent and those individuals who relied upon the seemingly final decision of the Federal Circuit affirming the ITC determination would find themselves having invested in projects which could be barred by the valid '071 patent. Both the Federal Circuit and Supreme Court have stated that it is highly desirable to apply judicial preclusion to ensure finality of litigation and thus prevent the problems raised by the above example.[10] *See generally Blonder–Tongue*, 402 U.S. at 323–50, 91 S.Ct. at 1439–53 (recognizing importance of finality of litigation, limiting litigation costs and limiting waste of court time; Court eliminated mutuality requirement in use of collateral estoppel in cases finding patent invalidity); *Montana v. United States*, 440 U.S. 147, 154, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979) (*res judicata* "fosters reliance on judicial action by minimizing the possibility of inconsistent decisions"); *MGA, Inc. v. General Motors Corp.*, 827 F.2d 729, 732 (Fed.Cir.1987),

---

**7.** Defendants make other contentions. Defendants contend that section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337 (1982) (hereinafter section 337), is not helpful to the determination of this motion because it does not mention the appropriate preclusive effect that should be accorded ITC decisions on patent validity. Moreover, according to Defendants, legislative history for section 337 should not be considered because the legislative statements occurred before the creation of the Federal Circuit in the Federal Courts Improvements Act. They contend that the substantial evidence standard of review employed by the Federal Circuit in its review of ITC decisions is identical to the standard of review of federal District Court jury verdicts, thus application of the doctrine of issue preclusion to the '071 patent decision is appropriate. Also, Defendants argue the original jurisdiction of the District Courts in patent matters should not be a determining factor because in areas where federal courts have original jurisdiction, state court decisions have been given preclusive effect pursuant to 28 U.S.C. § 1738 (1982).

**8.** The Court offers no opinion as to the merits of the substantive claim that the '071 patent is invalid.

**9.** *See generally United States v. Mitlo*, 714 F.2d 294, 298 (3rd Cir.1983) (judgment of higher court in judicial hierarchy must be followed by lower courts in that jurisdiction); *Allegheny Gen. Hosp. v. N.L.R.B.*, 608 F.2d 965, 970 (3rd Cir.1979) (judgment of higher courts conclusive as to lower courts and leave to the lower courts " 'no scope for independent judgment or discretion' " (quoting H.C. Black, *Law of Judicial Precedents* 10 (1912))).

**10.** Additional problems exist if this Court does not grant preclusive effect to the ITC determination. If the Court hears this dispute on the merits, valuable Court time and litigant resources could be wasted. For example, if preclusive effect is not granted to the ITC determination as affirmed by the Federal Circuit, this Court—and other District Courts—could conceivably engage itself in lengthy patent trials only to have the Federal Circuit follow its original decision in the appeal from the ITC.

*cert. denied*, 484 U.S. 1009, 108 S.Ct. 705, 98 L.Ed.2d 656 (1988) (*res judicata* and collateral estoppel "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." (quoting *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980))); *Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320 (Fed.Cir.1987) (recognizing importance of finality in litigation and granting preclusive effect to prior determinations); *Young Engineers v. U.S. Intern. Trade Com'n*, 721 F.2d 1305, 1316 (Fed.Cir.1983) (where patent infringement claim that serves as basis of section 337 investigation claim that would be barred in second infringement suit, such claim barred in section 337 proceeding).[11]

Another problem posed if this Court does not accord preclusive effect to the Federal Circuit affirmance of the ITC determination is justifying such a result in light of *Blonder-Tongue*. In *Blonder-Tongue*, the Supreme Court held that once an issue has been finally adjudicated and a District Court has determined that a patent is invalid, unless the party against whom estoppel is sought can demonstrate that he did not previously have a full and fair opportunity to adjudicate the issue, the question of patent validity cannot be relitigated in any subsequent proceeding. *Blonder-Tongue*, 402 U.S. at 350, 91 S.Ct. at 1453. The Plaintiffs had a full and fair opportunity to adjudicate before the ITC. The rules of procedure closely resemble the Federal Rules of Civil Procedure and basic and fundamental evidentiary principles were observed at the ITC. Moreover, the ITC made adequate factual findings and thus indicated it grasped the technical subject matter and issues in the suit. *See Blonder-Tongue*, 402 U.S. at 333, 91 S.Ct. at

1445 (discussing requirement that trial court make findings indicating comprehension of case to show full and fair opportunity to adjudicate existed). Finally, the Plaintiffs chose to pursue relief at the ITC. *Id.* at 337, 91 S.Ct. at 1447 (in question of whether full and fair opportunity to litigate, court attached importance to fact patentee chose forum to litigate questions). In the instant case, the Federal Circuit has affirmed the ITC determination that the '071 patent is invalid. The Court thus faces the difficult question of why the *Blonder-Tongue* doctrine should not apply to this litigation and thus preclude relitigation of patent validity.[12]

Moreover, the Court must consider why preclusive effect could not be granted to the determination of the ITC on patent questions under the doctrine of administrative *res judicata*. The ITC was acting in a judicial capacity when it considered the question involving the validity of the '071 patent, thus, even without the decision of the Federal Circuit, under the precedent of the Supreme Court it initially appears preclusive effect could be given to the ITC determination. *See United States v. Utah Constr. Co.*, 384 U.S. at 422, 86 S.Ct. at 1560 (when administrative agency acts in judicial capacity and resolves disputed issues of fact before it which parties had full and fair opportunity to litigate *res judicata* appropriate); *see generally* Stein, Mitchell & Mezines, *Administrative Law* § 4.01, at 40–3 (1988) (administrative *res judicata* bars relitigation of same cause of action between same parties or their privies if final judgment on merits; bar extends to relitigation in administrative as well as judicial proceedings).

Having set forth the primary reasons why preclusive effect should be given to the ITC finding of invalidity, the Court now

---

11. One learned treatise aptly addresses the policy purpose underlying the concept of finality: "The most purely public purpose served by res judicata lies in preserving the acceptability of judicial dispute resolution against the corrosive disrespect that would follow if the same matter were twice litigated to inconsistent results." Wright, Miller & Cooper, *Federal Practice and Procedure* § 4403 at 12 (1981).

12. The prior proceeding in *Blonder-Tongue* that led the Supreme Court to find further adjudication was estopped was also appealed. *University of Illinois Foundation v. Winegard Company*, 271 F.Supp. 412 (S.D.Iowa 1967), *aff'd by unanimous decision*, 402 F.2d 125 (8th Cir.1968), *cert. denied*, 394 U.S. 917, 89 S.Ct. 1191, 22 L.Ed.2d 452 (1969).

turns to the reasons why the affirmance by the Federal Circuit of the ITC determination does not preclude fresh consideration by this Court of the '071 patent.

The applicable jurisdictional statute for the federal District Courts in patent matters is 28 U.S.C. § 1338 (1982). Congress placed original and exclusive (as to the states) jurisdiction over patent matters in federal District Courts. *Id.*[13] Appeals of determinations of patent questions by federal District Courts may be taken to the Court of Appeals for the Federal Circuit. 28 U.S.C. § 1292(c)(2) (1982).

Original jurisdiction over unfair practices in import trade lies exclusively with the ITC. 19 U.S.C. §§ 1332(b), 1337 (1982).[14] Appeals from ITC decisions must also be taken to the Court of Appeals for the Federal Circuit. 19 U.S.C. § 1337(c) (1982). Section 337 gives the ITC authority to determine patent validity and enforceability questions only for the limited purpose of the administration of section 337. Patent invalidity is a statutory defense rather than a regulatory duty on the part of the ITC. *Corning Glass Works v. U.S. Intern. Trade Com'n*, 799 F.2d 1559, 1566–67 (Fed. Cir.1986).

The question the ITC examines under section 337 and the question the District Court examines under section 1338 are thus quite different in both form and substance. That is, Congress, in promulgating the jurisdictional parameters for the ITC and the federal District Courts, created two separate jurisdictions to consider two distinct questions: jurisdiction over unfair trade acts lies with the ITC while jurisdic-

tion over the validity, enforceability and infringement of patents lies with the federal District Courts. *See Ashlow Ltd. v. Morgan Const. Co.*, 672 F.2d 371, 375 (4th Cir.1982) (neither federal court nor ITC may transgress upon jurisdiction of other); *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 687 F.Supp. 832, 846 n. 42 (S.D.N.Y.1988) (same); *see generally* Kaye, Lupo & Lipnian, "The Jurisdictional Paradigm Between the United States International Trade Commission and Federal District Courts", 64 J.Pat.Off.Soc'y 118 (1982) (discussing jurisdictional conflict between ITC and federal District Courts). As this Court stated in a prior proceeding in this action, "[w]hile the ITC makes a 'determination' as to patent issues, it has no jurisdiction to make a binding adjudication in patent matters." *In re Convertible Rowing Exerciser Patent Lit.*, 616 F.Supp. 1134, 1140 (D.Del.1985).

Other courts have also recognized that ITC determinations as to patent validity have no effect upon the ability of federal courts to hear questions of patent validity in the same case involving the same parties in the context of its exclusive jurisdiction under section 1338. *See, e.g., Union Mfg. Co., Inc. v. Han Baek Trading Co., Ltd.*, 763 F.2d 42, 45 (2d Cir.1985) (ITC unfair trade practice and trademark determinations are binding but patent findings "properly not accorded *res judicata* effect because the ITC has no jurisdiction to determine patent invalidity except to the limited extent necessary to decide a case otherwise properly before it"); *Telectronics Proprietary Ltd.*, 687 F.Supp. at 846 n. 42 (ITC

---

**13.** In section 1338(a) Congress in part provided: "The district court shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases." The power of Congress to pass patent statutes is derived from Article 1, Section VIII, Clause 8 of the Constitution which grants Congress the power "[t]o promote the Progress of Science and useful Arts, by securing for limited times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries."

**14.** Title 19, section 1337(a) of the United States Code provides:

Unfair methods of competition and unfair acts in the importation of articles into the United States, or in their sale by the owner, importer, consignee, or agent of either, the effect or tendency of which is to destroy or substantially injure an industry, efficiently and economically operated, in the United States, or to prevent the establishment of such an industry, or to restrain or monopolize trade and commerce in the United States, are declared unlawful, and when found by the commission to exist shall be dealt with, in addition to any other provisions of law, as provided in this section.

may consider issues of patent validity only to extent such issues impact upon unfair competition claims); *Glasstech, Inc. v. AB Kyro Oy,* 635 F.Supp. 465, 468 (N.D.Ohio 1986) (although ITC proceedings finding patent valid under section 337 not *res judicata,* proper to draw inference based on ITC decision as to probability of success on merits).

The legislative history of the Trade Reform Act of 1974 also expressly limits the intrusion of ITC determinations of patent questions upon the original jurisdiction of the federal District Courts over patent matters.[15]

> The commission is not, of course, empowered under existing law to set aside a patent as being invalid or to render it unenforceable, and the extent of the Commission's authority under this bill is to take into consideration such defenses and to make findings thereon for the purpose of determining whether § 337 is being violated.... The Commission's findings neither purport to be, nor can they be, reargued as binding interpretations of the U.S. patent laws in particular factual contexts. Therefore, it seems clear that any disposition of a Commission action by a Federal Court should not have a res judicata or collateral estoppel effect in cases before such courts.

S.Rep. No. 1298, 93d Cong., 2d Sess. 196 (1974), 1974 U.S.Code Cong. & Admin. News 7186, 7329.

The ITC therefore possesses strictly limited jurisdiction with regard to patent issues and any such determinations by the ITC have a similarly limited effect in patent matters before the federal District Courts. For this Court to grant preclusive effect to the ITC determination on the '071 patent would be to drastically revise the scope of ITC jurisdiction in patent matters granted by Congress. S.Rep. No. 1298, 93d Cong., 2d Sess. 196 (1974); 1974 Code Cong. & Admin.News 7186, 7329. In order to preserve the jurisdictional structure intended by Congress in patent matters, this Court must deny preclusive effect to the ITC determination.

Upholding the ITC determination as to patent validity by the Federal Circuit similarly does not entitle the ITC determination to preclusive effect. Ordinarily this Court is bound by decisions of the Federal Circuit because it is the court to which appeals on patent issues from the District Courts are taken. 28 U.S.C. § 1292(c)(2) (1982). However, the Federal Circuit has specifically stated that its appellate treatment of ITC determinations as to patent validity does not estop other tribunals from considering anew the question of patent validity. *Tandon Corp. v. U.S. Intern. Trade Com'n,* 831 F.2d 1017, 1019 (Fed.Cir. 1987) (citing *Lannom Mfg. Co., Inc. v. U.S. Intern. Trade Com'n,* 799 F.2d 1572, 1577–78 n. 12 (Fed.Cir.1986)).

The questions on review before the Federal Circuit from the ITC and District Court are different. The Federal Circuit reviews District Court decisions under section 1338 with regard to patent validity, enforceability and infringement; whereas, the Federal Circuit reviews whether the ITC made the correct determination under section 337 as to unfair trade practices in import trade. Thus, this Court cannot properly accord preclusive effect to a Federal Circuit affirmance of an ITC determination when the question on appeal before the Federal Circuit from an ITC determination differs substantially in both form and substance from the question on appeal from a District Court patent adjudication.

---

**15.** The statutes relevant to this proceeding provide no guidance in their language as to what preclusive effect any ITC determination should have. Here, a conflict exists between two statutes promulgated by Congress. A determination of legislative intent cannot be made from the statutory language. It is therefore appropriate for the Court to examine the relevant underlying legislative history. *Cf. Garcia v. United States,* 469 U.S. 70, 75, 105 S.Ct. 479, 482, 83 L.Ed.2d 472 *reh'g denied,* 469 U.S. 1230, 105 S.Ct. 1235, 84 L.Ed.2d 371 (1984) (judicial inquiry into legislative history where terms of statute unambiguous only proper in rare and exceptional circumstances); *TVA v. Hill,* 437 U.S. 153, 187 n. 33, 98 S.Ct. 2279, 2298 n. 33, 57 L.Ed.2d 117 (1978) (same); *Vance v. Hegstrom,* 793 F.2d 1018, 1023 (9th Cir.1986) ("[t]he plain meaning of the words chosen by Congress is controlling in the absence of a clearly expressed legislative intent.").

Also, the legislative history of the Trade Reform Act of 1974 provides that ITC determinations should not estop other federal courts from reviewing the same patent. S.Rep. No. 1298, 93d Cong., 2d Sess. 196 (1974), 1974 U.S.Code Cong. & Admin. News 7186, 7329.[16] Therefore, this Court could not properly accord preclusive effect to the ITC determination affirmed by the Federal Circuit.[17]

An ITC proceeding under section 337 involving a patent raises questions of unfair trade practices which is distinct in both form and substance from the question before a federal District Court under section 1338; therefore, administrative *res judicata* is inappropriate. *See Union Mfg. Co.*, 763 F.2d at 45 (ITC patent findings "properly not accorded *res judicata* effect because the ITC has no jurisdiction to determine patent invalidity except to the limited extent necessary to decide a case otherwise properly before it"); *Telectronics Proprietary Ltd.*, 687 F.Supp. at 846 n. 42 (same); *Glasstech, Inc.*, 635 F.Supp. at 468 (although ITC proceedings finding patent valid under section 337 not *res judicata,* proper to draw inferences based on ITC decision as to probability of success on merits); *see also Ashlow Ltd.*, 672 F.2d at 375 (neither federal court nor ITC may transgress upon jurisdiction of other).

The Court similarly rejects application of *Blonder–Tongue* to the case at issue.

First, *Blonder–Tongue* cannot apply to the immediate case because the issues litigated at the ITC and affirmed by the Federal Circuit are not the issues this Court will examine on the merits in the instant case. The ITC only considered the patent issue to the extent it needed to exercise its jurisdiction under section 337. The question on the merits in the instant case before this Court will involve solely an inquiry into patent issues under section 1338. *See Union Mfg. Co.*, 763 F.2d at 45; *Telectronics Proprietary Ltd.*, 687 F.Supp. at 846 n. 42; *Glasstech, Inc.*, 635 F.Supp. at 468. The issues the ITC considered and this Court will consider are different in both form and substance; therefore, *Blonder–Tongue* does not apply. Second, *Blonder–Tongue* is not applicable because it precluded relitigation in a District Court of a holding of patent invalidity by another District Court. *Id.* This Court will not extend *Blonder–Tongue* to include a determination of patent invalidity by an administrative agency based upon jurisdiction apart from section 1338.

## CONCLUSION

The statements by Congress and the courts as to the effect of ITC determinations under section 337 upon the exclusive jurisdiction of the federal District Courts in patent matters and the stark contrast in both form and substance between ques-

16. This legislative history is not as persuasive as it might seem because it dates from prior to the passage of the Federal Courts Improvement Act which established the Federal Circuit as the appellate court for both patent questions and ITC determinations. However, the Federal Circuit has adopted this legislative history to support its position that appellate treatment of ITC determinations as to patent validity does not estop other tribunals from considering the question of patent validity in a section 1338 proceeding. *Tandon,* 831 F.2d at 1019.

17. The ITC does not notify the Commissioner of Patents and Trademarks (the "Commissioner") of the institution of its determinations in section 337 cases involving patents. Also, the Federal Circuit does not notify the Commissioner of the filing of any appeal of an ITC section 337 determination involving a patent or of the Federal Circuit's judgment in such an appeal. Dkt. 99 (Letter to Court from James A. Toupin, Asst. Gen. Counsel, U.S. International Trade Commission—Amicus Curiae). Under 35 U.S.C. § 290 (1982), courts of the United States must notify the Commissioner of both the filing of a patent action and the judgment entered therein. Section 290 only requires notice with respect to actions under Title 35. 35 U.S.C. § 290. Section 337 proceedings at the ITC are not actions under Title 35; rather, they are administrative proceedings under Title 19. Therefore, no notice of the Commission's determinations or review thereof is necessary for purposes of providing a record in the U.S. Patent and Trademark Office as to whether a patent remains valid pursuant to Title 35. Dkt. 99. This minor administrative detail supports the conclusion that the ITC and federal District Courts consider completely distinct issues and consequently preclusive effect should not be granted to ITC determinations on patent invalidity even where that determination is affirmed by the Federal Circuit.

604

tions on appeal before the Federal Circuit from the ITC and District Court lead this Court to deny Defendants' summary judgment motion. This Court consequently holds that where the ITC makes a determination under section 337 of the Trade Reform Act of 1974 that a patent is invalid and is affirmed by the Federal Circuit, a federal District Court is not estopped from adjudicating the question of the validity of the same patent under its original and exclusive (as to the states) jurisdiction found in 28 U.S.C. § 1338 (1982). An order will be entered denying Defendants' summary judgment motion and staying this action pursuant to 28 U.S.C. § 1292(b) (1982) pending review of the issue resolved in this opinion by the Federal Circuit, assuming the parties appeal the Court's decision.