William C. SCHMALZ,
Plaintiff–Appellant,

v.

HARDY SALT COMPANY, et al.,
Defendants–Respondents.

No. 52622.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 17, 1987.

Dallas W. Cox, St. Louis, for plaintiff-appellant.

Joseph L. Leritz, St. Louis, for defendants-respondents.

SMITH, Judge.

Plaintiff appeals from the order of the court granting defendants' motion for summary judgment on plaintiff's seven count petition. The petition was based upon plaintiff's employment by defendant Hardy Salt Co. and the termination of that employment. We affirm.

Plaintiff was hired by Hardy Salt in August 1982 pursuant to a written contract. The agreement does not state a term of employment. It did contain the following severance provision:

"Should you be terminated involuntarily during a period covering two years from your date of employment *due to* discontinuation of the company's operations, reorganization or other similar reason, you will be entitled to a severance pay settlement equal to six months of compensation at your normal rate at that time. This commitment does not cover any voluntary separation or involuntary termination for other reasons *such as* poor performance or for cause." (Emphasis supplied).

In April 1983, plaintiff was requested to resign his position. He was told if he did not do so he would be immediately fired. We accept plaintiff's assertions that his termination resulted from his romantic involvement with the executive secretary of the chairman of the board, defendant T. Walter Hardy, and the plans of plaintiff and the secretary to marry after each had divorced their present spouses. We will also accept *arguendo* plaintiff's contention that such grounds did not constitute

"cause." Plaintiff executed a letter of resignation and at the same time signed a release. We find it unnecessary to address the question of whether a resignation executed under a threat of being fired is a "voluntary separation" or an "involuntary termination."

That release provided that:

"... William C. Schmalz (Employee) for and in consideration of the continuation of his employment until such date (the Termination Date) as may be set by the Employer but not sooner than May 31, 1983, and in further consideration of the payment to him on the Termination Date of the sum of $4583.33 gross (or its agreed equivalent), representing one (1) month's pay, has remised, released and forever discharged, and by these presents does remise, release and forever discharge the Hardy Salt Company (Employer) its officers, directors, employees and agents, successors and assigns, of and from any and all manner of action and actions, causes and causes of action, debts, sums of money, obligations, liabilities, claims and demands whatsoever made, to be made, or which might have been made *as a consequence of his employment by the Employer, or arising out of the termination of the employment relationship, or arising out of any acts committed or omitted during or after the existence of the employment relationship*, including, but not limited to, ... any action at law or equity under federal, state or local law, ... *or at common law in contract or tort*, and including, but not limited to, claims for backpay, frontpay, salary, defamation, compensatory damages, punitive damages, service letters, benefits, attorney's fees, reinstatement or re-employment.

"It is expressly understood and agreed by the Employee that this instrument may be pleaded as a complete defense to and in bar of *any action* or proceeding brought, maintained or conducted by the undersigned Employee *in connection with or on account of any of the matters hereinabove set forth* ..." (Emphasis supplied).

Plaintiff continued in his employment with Hardy Salt through July 1983. Plaintiff's petition sought recovery for (1) breach of contract, (2) prime facie tort for wrongful termination, (3) fraudulent misrepresentation of the contract, (4) two counts of invasion of privacy, (5) tortious interference with contract and (6) outrage. The last count has not been pursued on appeal. All of these counts are factually based upon conduct connected with plaintiff's employment or its termination.

Defendants contend that plaintiff has fully released them from all liability under the contract or for matters connected with his employment or its termination. Plaintiff asserts that the release lacks consideration, that it was waived by plaintiff's continued employment, and that it was executed under duress. Underlying the consideration claim is plaintiff's conclusion that the employment contract entitled him to six months severance pay. This is based on his interpretation of the contract as authorizing such pay unless he was terminated for poor performance or for cause. Defendants interpret the contract as limiting severance pay to termination due solely to discontinuation of the company's operations, reorganization or similar reasons. Both parties agree the termination did not arise from such causes.

 We need not resolve the meaning of the contract. At best for plaintiff's position it is ambiguous on his right to severance pay. Because no definite term of employment is contained in the contract it constituted a contract for employment at will. *Haith v. Model Cities Health Corp.*, 704 S.W.2d 684 (Mo.App.1986) [1, 2]. As such plaintiff could be terminated at any time with or without cause. *Dake v. Tuell*, 687 S.W.2d 191 (Mo. banc 1985); *Gibson v. Hummel*, 688 S.W.2d 4 (Mo.App.1985) [1, 2]. In consideration of the release defendant Hardy Salt agreed to continue plaintiff on the payroll for at least another six weeks and to pay him one month severance pay upon termination. Plaintiff wanted to remain on the payroll as long as possible. This constituted a compromise by Hardy

Salt of what it regarded as its rights under the contract. Plaintiff compromised his legal position concerning severance pay in exchange for the continued employment and an amount of severance pay greater than Hardy Salt believed it owed. The parties compromised a legitimate legal dispute over the meaning of the contract. That was sufficient consideration for the release. *Weisert v. Bramman*, 358 Mo. 636, 216 S.W.2d 430 (1948) [4–6].

Plaintiff's contention of waiver is clearly without merit. The release specifically provided plaintiff would retain his employment until at least May 31. He could under the release be retained longer. He was. His final termination was in accord with the provisions of the release and did not constitute a waiver of that document.

Finally, plaintiff contends he signed the release under duress. In order to claim duress in avoiding a contract a person must be so oppressed from the wrongful conduct of another as to deprive him of free will. *Wolf v. St. Louis Public Service Co.*, 357 S.W.2d 950 (Mo.App.1962) [4, 5]. Financial necessity of a party, not caused by the other party to a contract, does not constitute duress. *Grant Renne & Sons, Inc. v. J.E. Dunn Construction Company*, 633 S.W.2d 166 (Mo.App.1982) [2]. There was no wrongful conduct by Hardy Salt in threatening to discharge plaintiff pursuant to its interpretation of the contract. Plaintiff was faced with a choice. He could either preserve whatever legal rights he had under the contract and be immediately discharged or sign the release and continue to receive his pay while he sought new employment. His financial necessity was not caused by his employer as that concept is viewed in a claim of duress. *McCormick v. City of St. Louis*, 166 Mo. 315, 65 S.W. 1038, 1043–1044 (1901). Plaintiff took the unexecuted release with him, consulted an attorney and sometime later executed the release. The original release was not considered adequate by corporate counsel, so a new one, the one before us, was prepared and signed three days later by plaintiff. It covered the same ground as the original release.

Plaintiff was an experienced business man and held the position of financial vice-president of Hardy Salt. Where an experienced business man takes sufficient time, seeks the advice of counsel and understands the content of what he is signing he cannot claim the execution of the release is the product of duress. *Anselmo v. Manufacturers Life Ins. Co.*, 771 F.2d 417 (8th Cir.1985) [3]. Whether the defense of duress is available on the facts alleged is a question of law. *Id.* [1, 2]. Further plaintiff accepted the benefits of the release and did not repudiate it when the alleged duress was removed. Silence and acquiescence for a considerable period thereafter, action in accord with it, and acceptance of benefits under it, amount to a ratification. *Id.* [4]; *Weisert v. Bramman, supra*, [7–9]. There was no legal basis for a duress defense to the release.

Plaintiff does not seriously challenge the applicability of the release, if valid, to the various causes of action contained in his petition. We need not discuss the validity of any of those causes of action. All arise under contract or tort at common law as a consequence of his employment or from termination of that employment or from acts committed or omitted during or after the existence of that employment relationship. All such claims have been released. There is no material fact in dispute and defendants were entitled to judgment as a matter of law.

Judgment affirmed.

KAROHL, P.J., and KELLY, J., concur.