**OAKLEY, INC., Plaintiff–Appellee,**

v.

**INTERNATIONAL TROPIC–CAL, INC.,
Defendant–Appellant.**

No. 90–1300.

United States Court of Appeals,
Federal Circuit.

Jan. 9, 1991.

Darrell L. Olson, Knobbe, Martens, Olson & Bear, Newport Beach, Cal., argued for plaintiff-appellee. With him on the brief was Joseph R. Re. Also on the brief was Gregory L. Weeks, Weeks, Willis, Rathbone & Johnson, San Diego, Cal.

Ira M. Siegel, Blakely Sokoloff Taylor & Zafman, Los Angeles, Cal., argued for defendant-appellant.

Before MARKEY, ARCHER and MICHEL, Circuit Judges.

ARCHER, Circuit Judge.

International Tropic–Cal, Inc. (Tropic–Cal) appeals the decision of the United States District Court for the Central District of California, No. CV 90–89 (February 26, 1990), granting a preliminary injunction to Oakley, Inc. (Oakley) which enjoins Tropic–Cal from infringing Design Patent No. Des. 293,450 (the '450 patent) and from selling any sunglasses which are confusingly similar to Oakley's sunglasses sold under its "BLADES" and "RAZOR BLADES" trademarks. We vacate the injunction and remand.

I

■■ The matter of preliminary injunctive relief is committed to the sound discretion of the trial court, and a reversal requires a showing that the trial judge abused his discretion, committed an error of law, or seriously misjudged the evidence.

*See Hybritech Inc. v. Abbott Laboratories,* 849 F.2d 1446, 1449, 7 USPQ2d 1191, 1194 (Fed.Cir.1988); *Datascope Corp. v. Kontron Inc.,* 786 F.2d 398, 229 USPQ 41 (Fed. Cir.1986). To obtain a preliminary injunction pursuant to 35 U.S.C. § 283, a party must establish a right thereto in light of four factors, (1) a reasonable likelihood of succeeding on the merits, (2) irreparable harm if the injunction is not granted, (3) balance of hardships tipping in the petitioner's favor, and (4) the injunction not harming the public interest. *Hybritech,* 849 F.2d at 1451, 7 USPQ2d at 1194.

The district court's findings of facts and conclusions of law in support of the preliminary injunction are sparse. As to the first factor, the court apparently concluded that Oakley will likely be able to prove (1) that Tropic–Cal has infringed Oakley's "presumptively valid" '450 design patent, and (2) that Tropic–Cal has violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (1988), by marketing sunglasses that are "confusingly similar" to those marketed by Oakley under its "BLADES" and "RAZOR BLADES" trademarks. The preliminary injunction can be supported by a reasonable likelihood of success on either issue.

■ Rule 52(a) of the Federal Rules of Civil Procedure requires that a preliminary injunction be supported by findings of facts. The test of the adequacy of findings is whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision. *Loctite Corp. v. Ultraseal Ltd.,* 781 F.2d 861, 873, 228 USPQ 90, 98 (Fed.Cir.1985).

Although the district court was familiar with the facts and issues in this case as a result of prior litigation between the parties, we must conclude that the court's findings in this proceeding are so limited and conclusory that meaningful appellate review is not possible. *ACS Hosp. Sys., Inc. v. Montefiore Hosp.,* 732 F.2d 1572, 1578, 221 USPQ 929, 933 (Fed.Cir.1984) ("The district court's failure to supply more comprehensive findings of fact compounds the difficulty of appellate review."); *Loctite Corp. v. Ultraseal Ltd.,* 781 F.2d at 873, 228 USPQ at 98 (*citing* 5A *Moore's*

*Federal Practice,* ¶ 52.06[1] at 142). *See Digital Equip. Corp. v. Emulex Corp.,* 805 F.2d 380, 383, 231 USPQ2d 779, 781 (Fed. Cir.1986).

## II

■ A. The district court made no express finding that Oakley is likely to be able to prove at trial that Tropic–Cal's glasses infringe the '450 patent. Infringement must be gleaned from the court's findings that "Oakley owns ... [the '450 patent] and produces glasses under that design," "[t]here is substantial likelihood that Oakley will prevail on the merits" and "[s]ale of infringing merchandise causes ... irreparable injury to Oakley." We cannot agree that these conclusory findings are sufficient to support a preliminary injunction based on infringement.

■ In order to find infringement of a design patent, it must be shown that an ordinary observer would be deceived in a manner that would induce him to purchase the accused device supposing it to be the patented design. *Gorham Mfg. Co. v. White,* 81 U.S. (14 Wall.) 511, 20 L.Ed. 731 (1872). Moreover, in addition to overall similarity of design, the accused device must appropriate the novelty in the patented design which distinguishes it from the prior art. *Avia Group Int'l, Inc. v. L.A. Gear Cal.,* 853 F.2d 1557, 1565, 7 USPQ2d 1548, 1554 (Fed.Cir.1988); *see also Shelcore, Inc. v. Durham Indus., Inc.,* 745 F.2d 621, 628, 223 USPQ2d 584, 590 (Fed.Cir. 1984). The district court made no findings on these crucial facts and from the record before us we are unable to determine that they were implicitly made by the court. *See ACS Hosp. Sys.,* 732 F.2d at 1578, 221 USPQ at 933 ("[w]here a full understanding may be had without the aid of separate findings ... we recognize a narrow exception to the general rule" that "[w]here the trial court fails to make findings, the judgment will normally be vacat-

ed."). We have not been directed to any evidence showing how a hypothetical ordinary observer would perceive Tropic–Cal's glasses. Similarly, the novelty in the patented design that has been appropriated by Tropic–Cal has not been shown. The court found merely that Oakley's and Tropic–Cal's glasses were "confusingly similar."

■ Infringement is a question of fact, *SRI Int'l v. Matsushita Elec. Corp. of Am.,* 775 F.2d 1107, 1125, 227 USPQ 577, 589 (Fed.Cir.1985) (in banc), and that ultimate finding is grounded on underlying findings. We cannot make the necessary factual findings relating to infringement at the appellate level.

■ B. The district court also based its grant of a preliminary injunction on a likelihood that Oakley will be able to prove that Tropic–Cal has made a false designation of origin under section 43(a) of the Lanham Act. In reviewing this decision we apply the law of the Ninth Circuit. *See Atari, Inc. v. JS & A Group, Inc.,* 747 F.2d 1422, 1438–40, 223 USPQ 1074, 1086–87 (Fed.Cir. 1984).

■ In order for Oakley to prevail on its Lanham Act claim at trial, it must show (1) that its product is protectable [1] and (2) that Tropic–Cal's glasses create a likelihood of consumer confusion. *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.,* 826 F.2d 837, 842–46 (9th Cir.1987). The test used in the Ninth Circuit for likelihood of confusion under section 43(a) of the Lanham Act is similar to the one used for trademark infringement. "Likelihood of confusion exists when customers 'viewing the mark would probably assume that the product or service it represents *is associated with the source* of a different product or service identified by a similar mark.'" *Fuddruckers,* 826 F.2d at 845 (quoting *Lindy Pen Co. v. Bic Pen Corp.,* 725 F.2d 1240, 1243 (9th Cir.1984) (emphasis in original)). The Ninth Circuit employs a two-level test for

1. A product is only protectable under the Lanham Act if it is primarily nonfunctional and possesses secondary meaning. While the district court expressly found Oakley's sunglasses to be nonfunctional, it did not make any such

express finding regarding secondary meaning. Because of our decision regarding likelihood of confusion, we need not consider whether the court's other findings are sufficient to establish secondary meaning.

reviewing lower court findings of likelihood of confusion.

In assessing whether there is a likelihood of confusion, a court first considers numerous factors and then, based thereon, determines whether there exists a likelihood of confusion. With the analysis so structured, the *J.B. Williams [Co., Inc. v. Le Conte Cosmetics, Inc.*, 523 F.2d 187 (9th Cir.1975)] and *AMF, Inc. [v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir.1979)] courts held that the determination of what is the state of affairs regarding each factor (a "foundational fact") is a finding of fact reviewed on the clearly erroneous standard, but the further determination of likelihood of confusion based on those factors is a legal conclusion. *See J.B. Williams*, 523 F.2d at 191–92; *AMF, Inc.*, 599 F.2d at 348–54 (applying two-level test as described here).

*Alpha Indus., Inc. v. Alpha Steel Tube & Shapes, Inc.*, 616 F.2d 440, 443–44 (9th Cir.1980).

 The factual elements that make up likelihood of confusion include (1) evidence of actual confusion, (2) the defendant's intent in adopting the design, (3) similarity of design, and (4) similarity of goods and marketing channels. *Fuddruckers*, 826 F.2d at 845 (*citing Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 782 F.2d 1508, 1509 (9th Cir.1986)).

In determining that "[t]he appearance of Tropic–Cal's sunglasses is confusingly similar to those produced by Oakley," it is not evident that the district court considered or found the underlying facts necessary for such a conclusion. The district court's legal conclusion that there is confusing similarity in the glasses is essentially unreviewable without such findings. As we have said before, these factual determinations must initially come from the district court.

C. Because the district court's findings of fact are insufficient for proper review of either the infringement or the Lanham Act issues, we must vacate the district court's preliminary injunction. *See ACS Hosp. Sys.*, 732 F.2d at 1578, 221 USPQ at 933.

The case is remanded for further proceedings consistent with this opinion.

### COSTS

Each party shall bear its own costs.

**VACATED AND REMANDED.**