937 F.2d 624
 37 Cont.Cas.Fed. (CCH) 76,125
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SANTA FE ENGINEERS, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 90-1498.
 United States Court of Appeals, Federal Circuit.
 June 24, 1991.
 
 Before RICH, MICHEL and PLAGER, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Santa Fe Engineers, Inc. ("Santa Fe") appeals the Armed Services Board of Contract Appeals ("Board") decision on summary judgment that it was not entitled to an equitable adjustment under its contract with the Army. Appeal of Santa Fe Engineers, Inc. ("Santa Fe II "), ASBCA No. 36682 (June 7, 1990). Although the ground for the decision is unclear, the Board apparently concluded that Santa Fe could proffer no proof that it was not responsible for claimed additional labor costs incurred during performance, a crucial element of the total cost method. Because the Board failed to make any findings or to identify any previously found or presently undisputed facts or to explain any reasons supporting its legal conclusion on entitlement, and without them the Board's decision is effectively unreviewable on appeal, we vacate and remand.
 
 DISCUSSION
 
 2
 In 1976, Santa Fe was awarded a contract for $28,664,644 for refurbishment and additions to Ireland Army Hospital at Fort Knox, Kentucky. During performance, the government issued over 200 change orders, including three referred to as AD, CD and HK. Additional labor costs arising directly from these three change orders were negotiated between the parties, but Santa Fe claimed an additional amount, asserting that the agreed amount was insufficient to cover indirect costs due to labor inefficiencies generated by these three changes. In August 1981, Santa Fe appealed the contracting officer's denial of that claim to the Board. Santa Fe Engineers, Inc. ("Santa Fe I "), 86-3 BCA p 19,092 (1986).
 
 
 3
 In a 37-day hearing before the Board completed in 1985, Santa Fe, using the total cost method, sought an equitable adjustment of $4,036,079. Santa Fe also modified its position before the contracting officer to allege that the labor inefficiencies at issue were caused both by changes AD, CD and HK and the collective nature of all the changes and directives that were issued on the project. To prove its claim, Santa Fe chose the total cost method because, it asserted, it could not possibly quantify the impact from any individual change on the overall cost. Santa Fe I, 86-3 BCA p 19,092 at 96,508.
 
 
 4
 In its Santa Fe I decision, the Board only considered costs allegedly arising from changes AD, CD and HK, and dismissed, for lack of jurisdiction, Santa Fe's claim to the extent based on the other changes, because they had not been presented to the contracting officer. Santa Fe II, slip op. at 2. With respect to the claim for the three changes over which it had jurisdiction, the Board denied Santa Fe's appeal since Santa Fe "admitted that it was not possible to identify any particular impact with any particular change (and made no attempt at trial to do so), and a claim pertaining to all possible causes of the alleged costs was not properly before the Board." Id. The Board let stand the contracting officer's decision allowing Santa Fe $166,396, which the Board said was for labor inefficiencies arising only from change CD.[1] When Santa Fe appealed to this court, we affirmed, noting that
 
 
 5
 [o]bviously, there was more than substantial evidence sustaining the Board's findings as to the deficiencies of Santa Fe's case before the Board on the extra costs attributable to the three specific change orders.
 
 
 6
 Santa Fe Engineers, Inc. v. United States, 818 F.2d 856, 858 (Fed.Cir.1987) (emphasis added).
 
 
 7
 On October 27, 1987, Santa Fe filed with the contracting officer a new certified claim--the subject of this appeal--to recover "the equitable adjustment to which Santa Fe and its subcontractors are entitled for the labor impact costs associated with the overall job disruption." Santa Fe II, slip op. at 3. As with its earlier claim, the amount sought was calculated only according to the total cost method. The contracting officer denied this claim, too. According to the Board, the new claim
 
 
 8
 was the same as the claims (as they appeared at trial) litigated before with two exceptions: (1) instead of changes AD, CD and HK being identified as the causes of the labor inefficiencies, all other problems and changes except AD, CD and HK were identified as having caused the costs to be incurred, and (2) the $166,396 allowed by the contracting officer in his decision in 1981 was subtracted from the amount requested.
 
 
 9
 Id.
 
 
 10
 The Board rejected the government's arguments that the second claim was barred on the grounds of either collateral estoppel, judicial estoppel or res judicata, ruling that the initial litigation did not prevent adjudication of the second, cumulative impact claim, despite its similarity to the first claim. The Board determined on summary judgment, however, that "as a matter of law, [Santa Fe] cannot prove its claim on a total cost basis." Id. at 6. According to the Board
 
 
 11
 [w]hat [Santa Fe] tried to do in the first litigation, try to prove its case on a total cost basis without all of the equation being present, it is attempting to do again. Apparently realizing this, [Santa Fe] contends that it is not necessary to consider changes AD, CD and HK because in the prior litigation the Board determined that [these changes] caused $166,396 of the labor inefficiency costs. Therefore, reasons [Santa Fe], it need merely subtract the $166,396 from its claimed amount and it is of no concern that the claims for AD, CD and HK are not before the Board.
 
 
 12
 Id. at 5. The Board continued that Santa Fe misinterpreted its earlier decision; it had not made a determination as to whether any costs were attributable to the three changes, "since [Santa Fe] had not presented any evidence as to what costs these changes had caused." Id. at 6. In Santa Fe I, the Board said, it had merely affirmed the contracting officer's decision, which "may bear no relation" to the actual costs attributable to the three changes. Id. The Board concluded that no material facts were in dispute and that "as a matter of law," Santa Fe cannot use the total cost basis. Id. As no other method of proving its damages was even proffered by Santa Fe, summary judgment for the government was deemed appropriate by the Board.
 
 
 13
 On appeal to this court, Santa Fe argues that the Board improperly relied on its prior determination concerning AD, CD and HK to decide the new claim and requests this court "to remand this case to the Board to first consider the issues of entitlement and then, if necessary, to address the quantum issue, including the possible use of the total cost method." Appellant's Br. at 11. Santa Fe argues for remand on the ground that summary judgment was inappropriate because genuine issues of material fact exist.
 
 
 14
 After careful review of the Board's decision, we hold that it cannot stand and that remand is necessary, but on different grounds than argued by Santa Fe. While we often acknowledge that as an appeals court we review judgments not opinions, an opinion must still contain sufficient findings and reasoning to permit appellate scrutiny. And although often we can imply fact findings which, though not explicitly stated, were clearly necessary to the Board's judgment, Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 872-73 (Fed.Cir.1985) (quoting ACS Hospital Sys. v. Montefiore Hospital, 732 F.2d 1572, 1578 (Fed.Cir.1984)), we must conclude here that the Board's findings and reasoning are so utterly lacking that "meaningful appellate review is not possible." Oakley, Inc. v. International Tropic-Cal, Inc., 923 F.2d 167, 168 (Fed.Cir.1991). Explicit findings or identification of facts previously found or undisputed and relied upon here by the Board are especially crucial where a party attempts to prove its claim under the total cost method. To use this method, the contractor must establish by specific proof not only that it is entitled to an equitable adjustment, but also that no other, more exact, method of quantification is feasible. Dawco Constr., Inc. v. United States, 930 F.2d 872, 880 (Fed.Cir.1991).
 
 
 15
 Although the Board correctly noted that the test set forth in WRB Corporation v. United States, 183 Ct.Cl. 409, 426 (1968), controlled its evaluation of Santa Fe's attempt at a total cost claim, it failed to implement the WRB Corporation test properly. The Board explicitly assumed, arguendo, that the test's first three prongs were met and focused its attention solely on whether the fourth prong--that the contractor was not responsible for the added expenses--was met. Rather than decide that issue, however, the Board, without making any findings on responsibility or giving any explanation whatsoever, simply concluded that "as a matter of law" Santa Fe was "unable to use" the total cost method to prove its claim. Santa Fe II, slip op. at 6.
 
 
 16
 The Board's decision contains none of the factual findings or explicit reasons necessary to support its legal conclusion that Santa Fe cannot prove its second claim using the total cost method. Under WRB Corporation, the Board was required to determine the sufficiency of Santa Fe's proffer to avoid summary judgment that Santa Fe itself was not responsible for the additional labor costs. Cf. Powerline Oil Co. v. United States, 837 F.2d 1581, 1584 (Fed.Cir.1988) (remand necessary where Board "fail[s] to make the necessary findings of fact underlying" its disposition of the legal issues). Rather, the Board focused solely on what Santa Fe I did or did not decide. We can speculate that the Board intended for the parties, and this court, to assume that due to the "similarities" between Santa Fe's first and second claims, the factual findings and legal reasoning in its original decision controlled here.[2] However, if this were the case, the Board was required to identify which facts or reasons governed Santa Fe's second claim and why, so that the appellant can specifically challenge, and this court competently review, the basis of the Board's legal conclusion.[3] Cf. Lockert v. United States Dep't of Labor, 867 F.2d 513, 517 (9th Cir.1989) (even though not required to give "detailed reasons" under Administrative Procedures Act, decisions must still be " 'sufficiently clear so that a court is not required to speculate as to [their] bas[e]s.' " (citation omitted)); Getty v. Federal Sav. and Loan Ins. Corp., 805 F.2d 1050, 1055 (D.C.Cir.1986) ("cryptic assertions" are not explanations; even in informal adjudications, decisionmakers "must provide the court an explanation sufficient to allow [the appellate court] to properly carry out [its] review." (citation omitted)).
 
 
 17
 Since the second claim is "similar" but not identical, the Board must differentiate its reasons and findings. Without explanation as to why the Board determined that Santa Fe could not prove it had not caused the additional labor costs arising from all changes other than the three litigated in Santa Fe I and was thus not permitted to use the total cost method, remand is required. On remand, the Board is to cite or find pertinent facts and provide reasons for its determination that Santa Fe is ineligible to use the total cost method to prove its second claim.
 
 COSTS
 
 18
 Each party is to bear its own costs.
 
 
 
 [1]
 According to the contracting officer's decision, the payment was "unilaterally" made "in the best interests of the Government" and not for any specific costs identified by Santa Fe. Santa Fe I, 86-3 BCA p 19,092 at 96,504-05
 
 
 [2]
 Such speculation is not without some foundation. The Board specifically incorporates as "support" for its Statement of Facts, the factual discussions in Santa Fe I and Santa Fe, 818 F.2d at 856, and concedes "that the prior litigation and the position taken by [Santa Fe has] a profound impact on the appeal before us." Yet in its "Decision" section discussion, no further mention appears of Santa Fe I 's fact findings
 
 
 [3]
 For example, it is quite possible on reading the Board's opinion here that it equated responsibility for additional costs with causation as a general rule in applying the WRB Corporation test--a presumption that is not necessarily correct. Indeed, as Santa Fe and the government point out, there are a number of plausible constructions that the Board may have implicitly adopted, either correctly or wrongly, but, due to the elliptical reasoning of the opinion, we are unable to decide what construction the Board relied on