972 F.2d 1353
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John MICHAELS, Plaintiff-Appellee,
v.
ART BETTERLEY ENTERPRISES, INC., Defendant-Appellant.
 No. 91-1366.
 United States Court of Appeals, Federal Circuit.
 June 8, 1992.
 
 Before NIES, Chief Judge, RICH and ARCHER, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Art Betterley Enterprises, Inc. (Betterley) appeals the April 16, 1991 order of the United States District Court for the Western District of New York, CIV-90-1015E, preliminarily enjoining it from manufacturing, using, marketing and selling devices known as the Art Betterley Mitre Fold Router or the Art Betterley V-Grooving Router. Because the court failed to make findings as to the effect of pertinent prior art on validity and hence the likelihood of success on the merits, we vacate the order granting a preliminary injunction and remand for further proceedings consistent with this opinion.
 
 DISCUSSION
 
 2
 John Michaels (Michaels) sued Betterley for infringement of U.S. Patent No. 4,622,090 ('090 patent) and moved for a preliminary injunction against further alleged infringement of claims 1 through 9 of the patent. The '090 patent is directed to an apparatus and method for making a groove in a sheet structure having a relatively rigid substrate layer and an overlying flexible laminate layer.
 
 
 3
 The decision whether to grant a preliminary injunction is within the discretion of the district court, based on the consideration of likelihood of success on the merits, irreparable harm to the movant, the balance of hardships on the parties if the injunction is issued, and the public interest involved. Hybritech v. Abbott Laboratories, 849 F.2d 1446, 1451, 7 USPQ2d 1191, 1195 (Fed.Cir.1988). Because the issuance of a preliminary injunction is a discretionary determination, it will not be disturbed on appeal unless the court abused its discretion, committed an error of law, or seriously misjudged the evidence. Smith Int'l, Inc. v. Hughes Tool Co., 718 F.2d 1573, 1579, 219 USPQ 686, 691 (Fed.Cir.1983). To show a likelihood of success, the movant must prove ownership of the patent and show that the patent will likely be held not invalid and infringed.
 
 
 4
 Rule 52(a) of the Federal Rules of Civil Procedure requires that a preliminary injunction be supported with adequate findings of fact. Findings of fact are adequate if they are sufficiently comprehensive and pertinent to the issue to allow for meaningful review. Oakley, Inc. v. Int'l. Tropic-Cal, Inc., 923 F.2d 167, 168-9, 17 USPQ2d 1401, 1403 (Fed.Cir.1991). Because the district court's findings with respect to validity did not include an evaluation of pertinent prior art, we must conclude that they are not sufficient to support the preliminary injunction.
 
 
 5
 The court made no findings relating to the prior art that was presented by Betterley, and which had not been considered by the Patent and Trademark Office (PTO). Instead, the court apparently based its finding of validity in part on the belief that the PTO had considered all of such art when it issued the patent. This is indicated by the court's statement that the prior art was "embodied in United States Patent No. 3,456,701,"[1] a prior art reference that was considered by the PTO. Betterley submitted sixteen exhibits of trade literature, including the catalogs of Automatic V-Groove, Inc. (the catalogs). The catalogs depict a cutter making a V-shaped cut through the backside of a board, which could be construed as the "substrate" of claim 1 of the '090 patent, that is laminated on the front side. Like the use claimed in the '090 patent, the cut goes through the board (i.e. substrate), but not through the laminate.[2] Neither the '701 patent nor anything else in the prosecution of the application leading to the '090 patent discloses the Betterley submission.
 
 
 6
 Michaels does not argue that the court considered the catalogs, nor does he argue that the catalogs are not pertinent prior art. Michaels only argues that the catalogs do not invalidate the '090 patent. Without findings on this issue, however, it is premature for this court to consider validity and review whether there is a likelihood that Michaels will be successful on his claim that the '090 patent is not invalid and infringed.
 
 
 7
 The court also considered the license agreement between Michaels and Betterley as indicating a likelihood of success on the validity question. In the absence of any analysis of validity in the light of the pertinent prior art, and in particular the catalogs submitted by Betterley, we are not persuaded that the license alone is adequate to sustain the court's finding of likelihood of success on the merits. While license agreements with others in the industry may be evidence of validity of a patent, see Smith Int'l., 718 F.2d at 1578, 219 USPQ at 690; Eli Lilly and Co. v. Premo Pharmaceutical Labs., 630 F.2d 120, 136, n. 73, 207 USPQ 719, 734 (3rd Cir.1980), the only license agreement relied on by the district court was between the parties. Betterley, as licensee, is free to challenge validity. Lear, Inc. v. Adkins, 395 U.S. 653 (1969). Moreover, there is evidence in this case to show that Betterley obtained the license only to preclude Michaels from entering the market, not because it considered the patent valid.
 
 
 8
 We therefore vacate the grant of the preliminary injunction and remand for proceedings consistent with this opinion.
 
 COSTS
 
 9
 Each party shall bear its own costs.
 
 
 
 1 U.S. Patent No. 3,456,701 teaches temporary application of masking tape to the surface of the laminate and cutting through the entire laminate but not the tape; the tape, rather than the laminate, provides the hinge.
 
 
 [2]
 Both parties agreed, for the purposes of the preliminary injunction motion, that the use language of the preamble of claim 1 was a limitation of the claim