14 F.3d 613
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Louise J. HAMLET, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5075.
 United States Court of Appeals, Federal Circuit.
 Nov. 23, 1993.
 
 Before NEWMAN, ARCHER, and MICHEL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 In an action against the United States, Louise J. Hamlet contended that she had been wrongfully discharged from her position as a program assistant in the United States Department of Agriculture (USDA) Agricultural Stabilization and Conservation Service (ASCS) office in Charlotte County, Virginia. At trial, she presented testimony and documentary evidence that this discharge breached an implied-in-fact employment contract because it was not for good cause, and did not comply with the rules and regulations of the USDA and the ASCS Personnel Policy Manual 22-PM (Rev. 1). Thereafter, Hamlet rested. The government then moved for judgment pursuant to Rule 52(c) of the Rules of the United States Court of Federal Claims, and the court granted the government's motion, Hamlet v. United States, No. 281-86C (Oct. 2, 1992). Hamlet now appeals. Because the court's findings of fact and conclusions of law are insufficient to enable meaningful appellate review and to comply with Rule 52(c), we vacate and remand.
 
 DISCUSSION
 
 2
 Rule 52(c) requires that a judgment under the Rule "shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule." Rule 52(a) in turn requires that "the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58." In short, under Rule 52(c), "[f]indings of fact and conclusions of law must be entered to support such a judgment." 9 C. Wright & A. Miller, Federal Practice and Procedure, Sec. 2574 at 220 (Supp.1992).[1] See also Oakley, Inc. v. International Tropic-Cal, Inc., 923 F.2d 167, 168 (Fed.Cir.1991), in which we vacated and remanded a district court's grant of preliminary injunctive relief on the ground that its findings of fact were too "sparse" to permit meaningful appellate review and to comply with Rule 52(a).
 
 
 3
 Although the court entered judgment pursuant to Rule 58, it did not comply with the other requirement of Rule 52(a). A few legal conclusions can be inferred from the decision of the trial court; however, the court did not set out its view of the facts testified to by Hamlet, or recite its factual findings concerning whether Hamlet's implied-in-fact employment contract with the government had been breached. The only findings of fact stated in the opinion are that: (1) there was no evidence to suggest the State Committee "merely rubber-stamped the ruling at the county level"; and (2) there was no evidence to support Hamlet's assertion that her arguments were not considered by the Committee. Hamlet, slip op. at 4. Whether the State Committee did or did not "rubber-stamp" the ruling at the county level or considered Hamlet's arguments has no relevance to whether the United States had good cause for firing Hamlet or violated applicable regulations in doing so. This is not an appeal from an action challenging the decision of the State Board, rather it is an appeal of a trial judge's decision to grant judgment pursuant to Rule 52 in an original action for violation of regulations and for breach of contract.
 
 
 4
 The opinion of the lower court does little more than announce an unexplained refusal to accept Hamlet's version of the facts. Hamlet presented evidence as to the existence of money mandating regulations governing her employment and an implied-in-fact contract of employment. She also presented testimony at trial denying all but one of the incidents cited by the firing official, and other witnesses presented testimony at an earlier trial stating that Hamlet had excellent work performance. In addition, the parties vigorously contest the legal issue of the allocation of the respective burdens of production and proof as to just cause or lack thereof. At minimum, regarding the breach of contract claim, the lower court should have made findings concerning the credibility of Hamlet and any corroborating witnesses, as well as the weight to be accorded to their testimony, whether Hamlet did or did not commit the five alleged infractions, and whether the one charge to which Hamlet admitted could itself justify removal under the appropriate burdens. All of these findings are relevant to the determination of whether there was a breach of contract as Hamlet alleges. Regarding the claim based on the alleged violation of the Manual, the lower court should have determined: (1) whether the Manual was a regulation; (2) if so, whether it was money-mandating for purposes of the Tucker Act; and (3) if so, whether it was violated.
 
 
 5
 Because the court's findings of fact and conclusions of law are inadequate, appellate review of its decision is not possible. Accordingly, we vacate and remand for either proper findings or resumption of trial.
 
 COSTS
 
 6
 Each party to bear its own costs.
 
 
 
 [1]
 Rule 52 of the Rules of the United States Court of Federal Claims is identical in all significant respects to Rule 52 of the Federal Rules of Civil Procedure