17 F.3d 1444
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Richard Louis VITACCO, Plaintiff-Appellant,
v.
TOASTMASTER, INC., Defendant/Cross-Appellant.
 Nos. 93-1273, 93-1274.
 United States Court of Appeals, Federal Circuit.
 Jan. 31, 1994.
Suggestion for Rehearing In Banc
Declined Feb. 23, 1994.
 
 Before ARCHER, PLAGER, and SCHALL, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Richard Louis Vitacco appeals from the order of the United States District Court for the Western District of Missouri, No. 92-4273-CV-C-5 (Dec. 3, 1992), granting summary judgment in favor of Toastmaster, Inc., on Vitacco's complaint and on Counts I-III of Toastmaster's counterclaim, and denying summary judgment in favor of Vitacco. Toastmaster cross-appeals from the February 22, 1992 order of the district court denying Toastmaster's motion for sanctions under Rule 11, Fed.R.Civ.P. We affirm.
 
 DISCUSSION
 I.
 
 2
 Vitacco filed a complaint pro se alleging that, in marketing a "Bugs Bunny Waffle Baker," Toastmaster used his idea for a waffle baker that imprints cartoon characters on waffles and therefore was required to pay him reasonable royalties. Toastmaster counterclaimed for a declaration that it had not infringed Vitacco's design patents (Count I), that it had not infringed Vitacco's copyrights (Count II), and that Vitacco had no rights against Toastmaster other than patent rights and copyrights (Count III).[1]
 
 
 3
 In 1987, Vitacco submitted to Toastmaster sketches and drawings expressing his idea for a waffle baker that would imprint "Willy and Wanda" cartoon characters. In 1991, he submitted similar sketches and drawings but showing "Dancin' Pancakes" characters. In 1989, Vitacco received design patents Nos. 301,795 and 303,312 claiming, respectively, an ornamental design for a pancake and a waffle. The ornamental design in the patents depicted the Willy and Wanda and Dancin' Pancakes characters.
 
 
 4
 Before Toastmaster would consider each of the above submissions, Vitacco was sent and signed an "Idea Submission Policy and Agreement." The Agreements provided as follows:
 
 PREAMBLE
 
 5
 It is the policy of Toastmaster Inc. ("Toastmaster") to give thoughtful consideration to any ideas, inventions or products submitted to it (hereinafter such ideas, inventions or products shall be referred to as "submissions").... Toastmaster will receive and consider ideas submitted to it by persons who are not employees of the company (hereinafter referred to as "submitters") when such persons agree to the following express conditions:
 
 SECTION ONE
 SUBMISSION POLICY
 1. Nonconfidential Disclosure
 
 6
 ... [N]o confidential relationship is entered into or should be implied by reason of the fact that Toastmaster is considering a submission....
 
 2. No Obligations
 
 7
 The receipt of a submission by Toastmaster does not obligate Toastmaster in any way.... Toastmaster shall give [any submission] such consideration as it merits in the sole judgment of Toastmaster. Toastmaster assumes no obligation to evaluate or pursue a submission....
 
 
 8
 ....
 
 4. Limited Rights To The New Idea
 
 9
 A concern is that the submitter not acquire any rights (or Toastmaster any obligations) beyond those associated with a valid patent or copyright merely because Toastmaster reviews the submission. It must, therefore, be agreed that in protecting a new idea, invention or product, the submitter must rely solely on his rights under the patent and copyright laws....
 
 5. No Compensation
 
 10
 No agreement for compensation shall be implied by the consideration or review of a new idea, invention or product. Should Toastmaster decide, after due consideration, than an idea, invention or product is novel and previously unavailable to the public or the state of the art and of use to Toastmaster, the extent of the compensation will then be determined by a written agreement between the submitter and Toastmaster.
 
 
 11
 * * *
 
 
 12
 It is undisputed that Toastmaster received Vitacco's ideas, and after Vitacco signed the Agreements Toastmaster reviewed and considered them. In support of its summary judgment motion, Toastmaster submitted affidavits of certain of its employees to the effect that, after considering Vitacco's ideas, Toastmaster decided they were of no use and then filed the submissions away, not looking at them until this lawsuit. Toastmaster states in its brief, without record support, that it independently originated the idea of the Bugs Bunny waffle baker in 1991.
 
 
 13
 The district court held that there could be no design patent infringement because an ordinary person could not confuse the Bugs Bunny design with the Willy and Wanda or Dancin' Pancakes design, see Oakley, Inc. v. International Tropic-Cal. Inc., 923 F.2d 167, 169, 17 USPQ2d 1401, 1403 (Fed.Cir.1991), and the design patents did not protect the idea or function of a cartoon waffle baker, see 35 U.S.C. Sec. 171; Lee v. Dayton-Hudson Corp., 838 F.2d 1186, 1188, 5 USPQ2d 1625, 1626 (Fed.Cir.1988). Similarly, the district court held that there could be no copyright infringement because the expressed designs were so different that no reasonable person could conclude they were substantially similar, Hartman v. Hallmark Cards, Inc., 833 F.2d 117, 120, 4 USPQ2d 1864, 1866 (8th Cir.1987), and copyrights do not extend to the function or idea of a cartoon waffle baker, see 17 U.S.C. Sec. 102(b); Mazer v. Stein, 347 U.S. 201, 218, 100 USPQ 325, 333 (1954). Finally, the district court concluded that the Idea Submission Policies and Agreements were "contracts" that "bound" Vitacco, that they were not unenforceable for duress, and that under the Agreements Vitacco "may only assert patent rights and copyrights against Toastmaster."
 
 
 14
 Accordingly, the district court granted Toastmaster's motion for summary judgment. After the summary judgment, Toastmaster moved for and was denied sanctions under Rule 11 of the Federal Rules of Civil Procedure. Vitacco has appealed from the grant of summary judgment and Toastmaster cross-appeals from the denial of Rule 11 sanctions.
 
 II.
 
 15
 A. In his pro se informal brief on appeal, Vitacco contends that the district court erred in granting summary judgment, and that this court should order Toastmaster to pay reasonable royalties and punitive damages for pain and suffering. He argues that Toastmaster infringed his "intellectual property rights" and "utilized [his] overall concepts and ideas," and that he had an assumed trust that Toastmaster would pay him a reasonable royalty if it did so. He also argues that the Idea Submission Policies and Agreements are unenforceable because they are contracts of adhesion and were entered into under duress.
 
 
 16
 Summary judgment is appropriate where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of all genuine issues of material fact and entitlement to judgment as a matter of law. SRI Int'l v. Matsushita Elec. Corp. of Am., 775 F.2d 1107, 1116, 227 USPQ 577, 581 (Fed.Cir.1985) (in banc). There is no genuine issue of material fact where the evidence is insufficient to permit a reasonable fact-finder to find in favor of the nonmoving party under the respective burdens of persuasion that will be faced at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether there is sufficient evidence to warrant a trial, the evidence must be viewed in a light most favorable to the nonmovant and all reasonable inferences must be drawn in its favor. Id. at 255. Because summary judgment raises only questions of law, our review of a grant or a denial thereof is de novo.
 
 
 17
 B. As to the patent and copyright claims and counterclaims, we affirm the judgment in favor of Toastmaster on the basis of the district court's opinion.[2] Similarly, we discern no error in the district court's conclusion that there was no evidence indicating Vitacco was under duress when he executed the Idea Submission Policies and Agreements, and we are not persuaded that there is a genuine issue that the Agreements were contracts of adhesion. See Schmalz v. Hardy Salt Co., 739 S.W.2d 765, 768 (Mo.Ct.App.1987) (duress); Robin v. Blue Cross Hosp. Serv., Inc., 637 S.W.2d 695, 697 (Mo.1982) (adhesion contracts).
 
 
 18
 C. As to Count III of the counterclaim and Vitacco's complaint generally asserting impermissible use of his ideas and concepts, the district court held that under the Idea Submission Policies and Agreements Vitacco could not recover for Toastmaster's alleged use of his cartoon waffle baker idea unless Toastmaster's use infringed Vitacco's rights under the patent or copyright laws. Having concluded that there was no patent or copyright infringement, the district court granted judgment in favor of Toastmaster. Vitacco's assertion on appeal of infringement of his "intellectual property" thus raises the question whether he had any intellectual property rights in his ideas against Toastmaster other than patent rights or copyrights. Because we agree with the district court that Vitacco had no such rights, we affirm the judgment of the district court on Count III of Toastmaster's counterclaim and the remainder of Vitacco's complaint.
 
 
 19
 Once a person publicly discloses his ideas, others may freely use them unless they are otherwise protected by the law as intellectual property. See, e.g., Durham Indus., Inc. v. Tomy Corp., 630 F.2d 905, 908, 208 USPQ 10, 13 (2d Cir.1980). Stated another way, under the law, free interchange of ideas is the rule to which protection as intellectual property is the exception. Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141, 9 USPQ2d 1847 (1989). The party asserting that his ideas constituted intellectual property impermissibly used by another bears the burden of demonstrating this. In view of the Idea Submission Policies and Agreements and other evidence of record, there is no dispute in this case that Vitacco has no intellectual property rights against Toastmaster other than rights granted under the patent and copyright laws.
 
 
 20
 Construction of the Idea Submission Policies and Agreements, which are written documents, is a matter of law that we review de novo. In these documents, which Vitacco does not dispute having read and signed, Toastmaster emphatically disclaimed any confidential relationship or obligation to pay for use of any idea other than under the patent or copyright laws. The only argument Vitacco offers in support of intellectual property rights against Toastmaster other than patents or copyrights is his "assumed trust" that Toastmaster would pay him if it used his ideas. Based on the Idea Submission Policies and Agreements and the law, however, Vitacco's trust was misplaced. Because Toastmaster has not as a matter of law infringed Vitacco's design patents or copyrights, Toastmaster has not infringed Vitacco's intellectual property, and the district court's judgment is affirmed.
 
 III.
 
 21
 Toastmaster appeals from the district court's denial, without comment, of its motion for sanctions against Vitacco under Rule 11, Fed.R.Civ.P. We review the district court's decision to deny sanctions under Rule 11 for abuse of discretion. Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 405 (1990).
 
 
 22
 Toastmaster argues that Rule 11 was violated by Vitacco and, citing Weil v. Markowitz, 829 F.2d 166, 171 (D.C.Cir.1987), that once a court finds Rule 11 is violated, sanctions are mandatory. Although Toastmaster points to certain of Vitacco's motions and pleading as being abusive litigation tactics, we are not persuaded that the district court abused it discretion in failing to find that such conduct violated Rule 11. Finally, we reject any implication by Toastmaster that Rule 11 may be used to deter the filing of a frivolous appeal.
 
 CONCLUSION
 
 23
 For the foregoing reasons, the judgment of the district court on Vitacco's complaint, on Toastmaster's counterclaims, and on Toastmaster's motion for sanctions is affirmed.
 
 
 
 [1]
 Toastmaster also counterclaimed for libel and defamation and tortious interference with contract (Counts IV, V, VI). These claims were settled by consent judgment and are not at issue in this appeal
 
 
 [2]
 The district court gave judgment on the copyright claims holding that substantial similarity was required for copyright infringement but not shown. Substantial similarity is merely a substitute for direct evidence of copying. See Hartman, 833 F.2d at 120, 4 USPQ2d at 1865. Because the record contains no evidence of copying, the district court's judgment was not in error